Ruffin, Chief Justice.
 

 No counsel has appeared before us for the plaintiff; and we cannot, therefore, be sure that we correctly apprehend the ground or grounds on which relief was intended to be claimed in the bill. As far, however, as we have unaided been able to collect the grounds brought forward in the bill and exhibits, we are of opinion that the bill cannot be supported, but was properly dismissed.
 

 From the general scope of the bill, the principal object as stated particularly in the prayer, seems to be, to have the land devised to the plaintiff, admeasured and laid off to him by metes and bounds; and as subsidiary to that relief, that the land devised-to the other devisees respectively, be laid off and ascertained, and to those ends, that the defendants may produce the title deeds of the testator’s lands; and in the mean while, that the several defendants may be enjoined from cutting timber, or committing any other waste upon any of the lands devised in the will.
 

 
 *383
 
 It is to be remarked, in the first place, that the Courtis not called to act between these parties on the idea of decreeing partition of lands given or held jointly or in common. There is nothing of that kind in the will or bill. The devises are distinct to each devisee, and of distinct parcels; and, therefore, there is no partition to be made. '
 

 But. although the bill admits that the devises are not of shares in a known subject, but are devises of different tracts of land to sundry persons in severalty, yet it states, as the grievance to the plaintiff, that the descriptions in the will of the several tracts given to Martin and the others are so obscure, that he cannot identity those tracts; and, therefore, cannot know what land is given to himself, the plaintiff. The object, then, is to obtain.that knowledge by the aid of this Court, as the plaintiff says he has failed in an attempt to identify his land upon the trial of an ejectment.
 

 We are at a loss to conjecture what means a Court of Equity has, of elucidating the point which creates the difficulty to the plaintiff, more than a Court of Law possesses; or of obviating the consequences of that difficulty under which the plaintiff is suffering, as he says. The construction of devises of legal interests in land, is a legal question, and belongs to the tribunals of the law, and not to those of equity. The vagueness or obscurity from any other cause found in the terms in which the gift is expressed, cannot change the jurisdiction; for this Court has no peculiar principle of construction, in such cases, but interprets the will as a Court of Law would, and both courts use the same means of identifying the thing given, namely: by resorting to documents, the testimony of witnesses, and surveys! The-obscurity of the will, therefore, furnishes no sufficient reason for applying to equity; for if the obscurity be not so great as to render the disposition altogether unintelligible, it will be valid at law, as far as it can be understood; - and if it sound to folly, so far as not- to amount to a designation of any
 
 corpus,
 
 it necessarily follows that no court can help it, but that it must be ineffectual. For this reason, the bill cannot assume the aspect of one for ascertaining confused boundaries; for although the Court of Equity has exercised the jurisdic
 
 *384
 
 tion of settling boundaries of legal estates, yet it has been cautiously exercised; and in only a few instances, and in .
 
 3
 
 . , ’ ..
 
 3 .
 
 , none m which the boundaries were not once certain, and ]ia(j j3een rendered uncertainly the default of the defendant, or those under whom he claimed. In the case before us, the gravamen is not that a single land mark has been altered, or been permitted to perish by the act or neglect of the other parties; but that the testator was inexplicit and obscure in the language of his will.
 

 If, however, that objection did not exist, the present case is not within the principles upon which the jurisdiction of ascertaining boundaries has hitherto proceeded. In all the cases, there was either an agreement that the land of the several parties should be distinguished, as in
 
 Norris
 
 v.
 
 Le Nevo.
 
 3 Atk. 31; or some relation between the parties, which made it the duty of one of them to preserve the land marks, and therefore the boundaries became confused by the neglect or fraud of the party charged with that duty; as a tenant.—
 
 The Duke of Leeds
 
 v.
 
 the Earl of Strafford,
 
 4 Ves. 180.
 
 Attorney General
 
 v. Fullerton, 2 Ves. & Bea. 264.
 
 Willis
 
 v.
 
 Parkinson,
 
 1 Swanst. 9. It is not enough that the boundary is controverted, or that it has become confused, although it was once plain; but the confusion must have arisen from the misconduct of the defendant, who is therefore equitably obliged to aid in its re establishment.
 
 Miller
 
 v.
 
 Warmington,
 
 1 Jac. & Walk. 492. Between independent proprietors, equity does not interpose, where there is no a-greemeut, fraud or neglect, and require either of them, against his will, to have his legal rights determined in any but the established legal method.
 
 Atkins
 
 v.
 
 Hatton,
 
 2 Anstr. 386—
 
 Speer
 
 v.
 
 Crowter,
 
 2 Mer. 417.
 

 Nor is it possible to uphold the bill as one for an injunction to slay waste, or for a discovery. As a bill of the former kind, it is radically defective, in not shewing a title to the place wasted, or in which waste is apprehended. The Court could not, therefore, act at all, without making the injunction as broad as the prayer of the bill on this head, and restraining the defendants from the ordinary aets of ownership in any of the devised lands, as well those given to the defend
 
 *385
 
 ants as those claimed by the plaintiff, under the residuary disposition to him. The Court must not deprive the defend.' ants of the use of their own property, because, by possibility, the plaintiff’s claim, now confessedly uncertain, may turn out, upon evidence hereafter to be discovered, to cover apart of the land in which it is said the waste is contemplated. That would render the preventive justice of the Court, the instrument .of positive oppression on the owner of probably the whole, and certainly a part, of the estate in his possession.
 
 Davies
 
 v.
 
 Leo,
 
 6 Ves. 787. The bill ought to state a good title in the plaintiff to the specific land, else he cannot have an injunction. A doubtful-title will not be sufficient.
 
 Jones
 
 v.
 
 Jones,
 
 3 Meriv.
 
 173
 
 — Storm v.
 
 Mann,
 
 4 John. C. C.
 
 21.
 

 As to the discovery of the deeds and their production, it is sufficient, without noticing other things, to say, that the bill does not charge any deeds to have come to the hands of these defendants. It only alleges that James Martin, the executor of the testator, Hough, had some deeds in his possession, though no description of them is given; and then that Martin died and made some of the defendants his executors, and devised to other of the defendants the lands given to him by the first testator. But, there is no allegation that any deeds for the land claimed by the plaintiff, or material to him in this controversy, have come into the custody or under the control of the defendants.
 

 Per Curiam. Decree affirmed.