ERIE BASIN IMPROVEMENT CO. v. SMITH et al.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

1. BOUNDARIES (§ 26*)—ESTABLISHMENT.

> Equity exercises jurisdiction to establish boundaries which have once been defined and established but have become lost or obliterated, where the owners of the adjacent premises are responsible for the loss or obliteration of the boundary, and to prevent multiplicity of suits.

> [Ed. Note.—For other cases, see Boundaries, Cent. Dig. § 139; Dec. Dig. § 26.*]

2. PLEADING (§ 406*)—MISJOINDER OF CAUSES OF ACTION—WAIVER OF OBJECTIONS.

> By the express provisions of Code Civ. Proc. § 499, the objection of misjoinder of causes of action is waived if not taken by demurrer.

> [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1370; Dec. Dig. § 406.*]

3. BOUNDARIES (§ 26*)—ESTABLISHMENT.

> Plaintiff's land was bounded on the east by four separate parcels, each of which belonged to different owners, and the boundary line between plaintiff's land and the other parcels was the center line of a brook which had become filled up and obliterated. *Held*, that an action would lie by plaintiff against the other owners to determine the boundary line, on the theory that it was necessary to prevent a multiplicity of suits.

> [Ed. Note.—For other cases, see Boundaries, Cent. Dig. § 139; Dec. Dig. § 26.*]

4. JUDGMENT (§ 126*)—DEFAULT—EVIDENCE.

> It was error for the court in an action to establish a boundary line to decline to receive proof as against a defendant who had defaulted in pleading.

> [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 228; Dec. Dig. § 126.*]

Appeal from Trial Term, New York County.

Action by the Erie Basin Improvement Company against W. Stebbins Smith and others. Appeal by plaintiff from a judgment dismissing the complaint. Reversed.

Argued before INGRAHAM, LAUGHLIN, HOUGHTON, McLAUGHLIN, and SCOTT, JJ.

Vincent P. Donihee (Edward S. Hatch, on the brief), for appellant. Jacob Fromme, for respondents.

LAUGHLIN, J. The complaint was dismissed on the ground that the suit is in equity, and that a court of equity has not jurisdiction of the subject-matter of the action. The plaintiff is the owner of a tract of land in the borough of the Bronx in the city and county of New York, one of the boundaries of which, according to the record title, is the center line of Cromwell's or Doughty's brook. The premises lie between Cromwell avenue and Inwood avenue, southerly of 170th street, which in part forms the northerly boundary. The brook as it formerly existed would cross 170th street, and, running southerly and southwesterly, would cross Cromwell avenue. Between 170th street and Cromwell avenue for the entire distance the center line of the brook is one of the boundaries of the lands owned by plaintiff; and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the land lying between the brook and Cromwell avenue and 170th street is now divided into four parcels all bounding on Cromwell avenue on the west and on the brook on the east and southeast, and one only bounding on 170th street. It is alleged in the complaint that the center line of this brook is the boundary line between the plaintiff's premises and the other four parcels of land, and that it has become so filled up and obliterated that it cannot be located by an inspection of the premises. The plaintiff has joined the owners of the other four parcels as parties defendant, and alleges that they have filled up and obliterated the brook or permitted this to be done, and are therefore responsible for its obliteration as a boundary line. The owners of three of the parcels have defaulted in pleading. The owners of the northerly parcel, whose land is bounded by Cromwell avenue on the west, 170th street on the north, the brook on the east, and by one of the other parcels on the south, interposed answers, and the complaint was dismissed on motion of their counsel.

Courts of equity exercise jurisdiction to fix and establish boundaries which have once been defined and established, but have become lost or obliterated, upon either of two grounds: First, where it appears that the owners of the adjacent premises are responsible for the loss or obliteration of the boundary; and, secondly, to prevent multiplicity of suits, even though not between the same parties, as, for instance, where other owners are interested in or may be affected by the establishment of the boundary or monument. Wake v. Conyers, 1 Eden, 591; Boyd v. Dowie, 65 Barb. 237; Hough v. Martin, 22 N. C. 379, 34 Am. Dec. 403; Beatty v. Dixon, 56 Cal. 619; Osborne v. Wis. Cent. R. R. Co. (C. C.) 43 Fed. 824; Story's Eq. Jurisprudence (13th Ed.) pp. 618, 623, et seq. In the case at bar it does not appear that the defendants, who are the owners of any one parcel, are interested in the other parcels or any of them, or in the establishment of the boundary as between them and the parcel belonging to the plaintiff, with the exception that they are interested in the location of the center line of the brook at the division line between their respective parcels. Had a demurrer been interposed upon the ground of misjoinder of causes of action, it may be that it would have been sustained with respect to the joinder of the causes of action against the defendants who are the owners of the two parcels to the southerly, for it does not appear that the re-establishment of the boundary as between them and the plaintiff will affect the issue as between plaintiff and the respondents; but that objection, not having been taken by demurrer, has been waived. Code Civ. Proc. § 499. The boundary of the plaintiff's property at the intersection of the boundary line between the premises of the respondents and the premises next southerly according to the record title must be the same point, for the lands on each side of the brook are bounded by the middle of the brook; and yet, if the plaintiff should be left to separate actions at law against the respective owners of these two parcels, the center line of the brook at the intersection of the boundary line between the land of the respondents and the parcel next southerly might be adjudicated at different points, which would leave a break in the boundary of the plaintiff's premises. It is manifest that that point of boundary should be fixed in an action in which all parties in interest may be heard, so

that it may be binding upon all. The case is analogous to one where a monument at the corner of several parcels of land has been lost or destroyed, and its former location cannot be established by evidence which is conclusive and could not lead to different results in separate actions against the respective owners.

We are of opinion, therefore, that equity can and should take cognizance of the case on the theory that it is necessary to prevent multiplicity of suits, although the possibility of conflicting adjudications in separate actions at law does not alone seem to be sufficient, according to the adjudicated cases, to warrant the interposition of equity. Boyd v. Dowie, 65 Barb. 237; De Veney v. Gallagher, 20 N. J. Eq. 33. On the allegations of the complaint equity also has jurisdiction to establish this boundary line upon the theory that it was once established and fixed and has become obliterated through the default of the defendants. Of course, when the case comes to trial, none of the defendants excepting the respondents and the owner of the adjacent parcel will be interested in the location of the center line of the brook between the premises of the plaintiff and the premises of the respondents. The question as to the the extent of the relief that may be granted upon the trial is not before the court, but it may well be that, since equity acquires jurisdiction, it will determine the entire boundary, so that further litigation may be rendered unnecessary. De Veney v. Gallagher, supra; Boyd v. Dowie, supra.

The court not only dismissed the complaint as to the respondents, but declined to receive proof as against the other defendants who defaulted in pleading. This, likewise, was error.

The judgment should therefore be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.