HUNT v. ARMSTRONG.    (No. 6869.)

(Supreme Court, Appellate Division, First Department.    February 19, 1915.)

1. ACTION (§ 48*)—JOINDER—DAMAGES AND RESCISSION.

A complaint which seeks damages for breach of a contract, and also asks that it be declared void for fraud, states two inconsistent causes of action; one affirming the contract, and the other seeking its rescission.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 450, 471, 490–510; Dec. Dig. § 48.*]

2. PLEADING (§ 406*)—OBJECTIONS—WAIVER—MISJOINDER.

Under Code Civ. Proc. § 488, stating the grounds of demurrer, including the improper uniting of causes of action, section 498, providing that, where the matters enumerated as grounds of demurrer do not appear on the face of the complaint, the objection may be taken by answer, and section 499, providing that, if the objection is not taken by demurrer or an-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

swer, the defendant is deemed to have waived it, except the objection to the jurisdiction, or to the failure of the complaint to state sufficient facts, the objection of improper joinder of causes of action for damages for a breach of contract and for rescission of the contract for fraud is waived, if not taken by demurrer or answer, and cannot be raised by motion for judgment on the pleadings.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1355–1359, 1361–1365, 1367–1374, 1386; Dec. Dig. § 406.*]

3. PLEADING (§ 345*)—JUDGMENT ON PLEADINGS—INCONSISTENT CAUSES OF ACTION.

If a complaint states any cause of action, even if it states inconsistent ones, judgment on the pleadings cannot be granted to defendant, though plaintiff might be compelled to elect at the trial upon which cause of action he would rely.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1055–1059; Dec. Dig. § 345.*]

Appeal from Special Term, New York County.

Action by Mazie E. Hunt against Paul Armstrong. From an order denying a motion for judgment on the pleadings, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Phelan Beale, of New York City, for appellant.

Hunt, Hill & Betts, of New York City (Francis H. Kinnicutt, of New York City, of counsel), for respondent.

CLARKE, J. The main ground of the motion for judgment upon the pleadings urged by the appellant is that the complaint is fatally defective, in that causes of action are improperly united. The pleadings consist of a complaint and an answer. Section 488 of the Code of Civil Procedure provides:

"The defendant may demur to the complaint, where one or more of the following objections thereto appear upon the face thereof: * * *

"7. That causes of action have been improperly united.

"8. That the complaint does not state facts sufficient to constitute a cause of action."

Section 498 provides:

"Where any of the matters enumerated in section 488 of this act as ground of demurrer do not appear on the face of the complaint, the objection may be taken by answer."

And section 499 provides:

"If such an objection is not taken, either by demurrer or answer, the defendant is deemed to have waived it, except the objection to the jurisdiction of the court, or the objection that the complaint does not state facts sufficient to constitute a cause of action."

[1] The complaint states two inconsistent causes of action, although growing out of the same transaction. The first affirms a contract and demands damages for breach thereof. The second sets up false and fraudulent representations, inducing entering into the contract and asks that it be declared to be null and void. One is therefore based upon affirmance, and the other upon rescission.

[2] But this objection, being a ground for demurrer provided for in subdivision 7 of section 488, was not taken by demurrer, although it appears upon the face of the complaint, nor was it taken by answer. It therefore must be deemed waived under section 499. From the multitude of cases interpreting these sections, we cite the following having to do with the precise point at bar, namely, inconsistent causes of action.

In Marks v. Townsend, 97 N. Y. 590, while the court held that a cause of action for malicious prosecution and one for false imprisonment were not inconsistent with each other, and, as they were both for personal injuries, could be contained in the same complaint, Judge Earl, writing for a unanimous court, also said:

"But as the objection to the joinder was not taken in the answer or by demurrer, it was in any event waived. Code § 499."

In Isear v. Hoadley, 44 App. Div. 161, 60 N. Y. Supp. 609, Rumsey, J., said:

"The defendants' objection to the complaint was that there was a misjoinder of causes of action. This objection appeared on the face of the complaint, but no notice was taken of it by demurrer, as it might have been, nor did the defendants object to the misjoinder by their answer. The Code provides that, if that objection is not taken either by demurrer or answer, the defendant is deemed to have waived it. Code Civ. Proc. § 499. Within that rule it was the duty of the court to have paid no attention to this objection, and it was erroneous to dismiss the complaint because of it."

In Shaw v. City of New York, 83 App. Div. 212, 82 N. Y. Supp. 44, McLaughlin, J., said:

"If causes of action were improperly united, under subdivision 7 of section 488 of the Code of Civil Procedure, defendant could have raised that question by demurring to the complaint, and, not having done so, he must be deemed, under section 499 of the Code of Civil Procedure, to have waived such objection."

In Erie Basin Improvement Co. v. Smith, 135 App. Div. 365, 120 N. Y. Supp. 323, the court said:

"Had a demurrer been interposed upon the ground of misjoinder of causes of action, it may be that it would have been sustained with respect to the joinder of the causes of action against the defendants who are the owners of the two parcels to the south; * * * but that objection, not having been taken by demurrer, has been waived."

[3] This being a motion for judgment upon the pleadings for the dismissal of the complaint, the complaint may not be dismissed if it discloses any cause of action. If there be two inconsistent causes of action, a motion to compel the plaintiff to elect upon the trial might properly be made.

The appellant also claims that the complaint does not state facts sufficient to constitute a cause of action. This objection is properly raised upon the motion for judgment upon the pleadings, as it is a ground for demurrer expressly excepted from the provision regarding waiver.

We think the complaint does state facts sufficient to constitute a cause of action, and the order appealed from, denying defendant's motion for judgment upon the pleadings, should be affirmed, with $10 costs and disbursements to the respondent. All concur.