SAMUEL KORNBLUM and ISIDOR KORNBLUM, Respondents, *v.*
COMMERCIAL ADVERTISER ASSOCIATION, Appellant.

Second Department, April 26, 1918.

Libel — action by members of partnership — defense — failure of
plaintiffs to file certificate required by section 440 of Penal Law —
— libel per se — article charging sale of goat meat without proper
label — recovery of damages to partnership — complaint by
partners jointly — dismissal upon motion for judgment on
pleadings.

Where in an action for libel the plaintiffs allege that they were and still are
copartners in business under the firm name of Kornblum Brothers, and
that the name Ft. Greene Beef Co. appeared upon a sign over their store,
and the defendant alleges as a defense that the plaintiffs were doing
business under the assumed name of Ft. Greene Beef Co., which was then
not the real name of the individuals transacting plaintiffs' business, and
that they had violated section 440 of the Penal Law in failing to file the
requisite certificate, and the plaintiffs reply denying each and every
allegation in said defense, except that they admit that they had not filed
the certificate, and that they were doing business under the name of the
Ft. Greene Beef Co., the alleged violation by the plaintiffs of section 440
of the Penal Law is not available to the defendant upon its motion for
judgment on the pleadings, for the plaintiffs' business cannot be regarded
in law as conducted by said name over the store, at least so far as third
persons without contract relations are concerned.

The defendant gains nothing upon the pleadings from the admission in the
reply that the plaintiffs did not file a certificate, for to admit that a thing
was not done is not to admit that it should have been done.

Language which imputes fraud, misconduct or lack of integrity in business
is actionable *per se.*

An article charging a firm with selling goat meat without properly labeling
the same *held* to be libelous *per se.*

Damages to a copartnership must be recovered by the partners jointly,
and damages to the partners individually by the partners separately.

Complaint *held* to contain sufficient allegations to sustain an action by
partners jointly for libel.

A complaint may not be dismissed upon a motion for judgment on the
pleadings if it discloses any cause of action. If there be two inconsistent
causes there may be a motion for election at trial.

APPEAL by the defendant, Commercial Advertiser Asso-
ciation, from an order of the Supreme Court, made at the
Kings County Special Term and entered in the office of the
clerk of the county of Kings on the 8th day of March, 1917,

denying its motion for judgment on the pleadings consisting of a complaint, amended answer and the reply thereto.

*Walter H. Pollak* [*H. H. Nordlinger* with him on the brief], for the appellant.

*Walter R. Hart* [*Morris W. Hart* with him on the brief], for the respondents.

Jenks, P. J.:

Plaintiffs complain for libel. After defendant had answered and plaintiffs had replied to the defendant's fourth separate defense, the defendant moved at Special Term for judgment on the pleadings, and now appeals from the order that denies that motion.

The defendant contended at Special Term, and now contends, that the action does not lie because the plaintiffs at the time of the alleged libel were doing business under the name of the Fort Greene Beef Company without having filed in the office of the county clerk a certificate setting forth the assumed name, properly acknowledged (Penal Law, § 440), and were, therefore, violators of the law, citing *Williams* v. *New York Herald Co.* (165 App. Div. 529); *Horan* v. *Commercial Advertiser Assn.* (181 id. 931). The learned Special Term, however, in an elaborate opinion, concluded that the principle of *Wood* v. *Erie R. Co.* (72 N. Y. 196) controlled.

I think that, upon the record, the question was not available to the defendant upon this motion. The plaintiffs allege that they were and still are copartners in business under the firm name of Kornblum Brothers at No. 1944 Fulton street in the borough of Brooklyn in the city of New York. In the said fourth defense the defendant pleads that the plaintiffs were doing business under the assumed name of Fort Greene Beef Company, which was then not the real names of the individuals transacting plaintiffs' business, and that they had not filed the requisite certificate with the county clerk, all contrary to section 440 of the Penal Law. The plaintiffs reply, denying each and every allegation in said fourth defense, except that they admit that they had not filed a certificate with the clerk of the county of Kings that they were doing business under the name of the Fort Greene Beef Company.

It is true that immediately after the allegation in the complaint that the plaintiffs were and still are copartners in trade as retail butchers under the firm name of Kornblum Brothers at No. 1944 Fulton street in the borough of Brooklyn in the city of New York, follow these words: " and the name ' Ft. Greene Beef Co.' appeared upon a sign over said store which store was two doors above '.The. Globe Demonstration Station,' conducted by defendant." It is not infrequent for a person or persons, although doing business under his or their names, to mark the place of business with some fanciful descriptive name by way of advertisement or attraction, but I have still to learn that thereby the business must be regarded in law as conducted by that name, at least so far as third persons without contract relations are concerned. And in the case at bar there is the absolute specific allegation that the plaintiffs conducted their business at this place under the firm name of Kornblum Brothers. There is no inference that in the next breath they intended to allege that they conducted that very business at that very place under the assumed name of the Fort Greene Beef Company. If it were necessary to ascribe a purpose for the statement that this name appeared on a sign, it may have been by way of identification, in view of the fact that the alleged libel was directed against " Kornblum Brothers, operating as the Fort Greene Beef Company, 1944 Fulton Street, Brooklyn," and stated that this place of business was two doors above the Globe's demonstration station. Such a sign thus displayed might be evidence that the legend thereon was the name under which the business was conducted (*Williams* v. *Keats*, 2 Stark. 290; *Pott* v. *Eyton*, 3 C. B. 32), but this statement in the complaint, in view of the context, cannot be considered by the defendant as an allegation that the plaintiffs conducted their business under that name. The allegation that they did so is that of the *defendant* in its fourth defense. But this allegation is denied in the reply. And the defendant gains nothing upon the pleadings from the admission in the reply that the plaintiffs did not file a certificate, for to admit that a thing was not done is not to admit that it should have been done. The defendant but raised an issue, yet moved as if it had a fact.

It is contended that the article is not a libel *per se.*   Language which imputes fraud, misconduct or lack of integrity in business is actionable *per se* (*Fowles* v. *Bowen,* 30 N. Y. 24), and I think that the language of this article is susceptible of such construction.   It is argued that, stripped of general characterization, the article "amounts merely to a charge that the plaintiffs sold goats' meat without affixing to it what the *Globe* writer considered an 'honest label' — *i. e.,* without labeling it at all."   But its direct statements and its allusions justify the conclusion that the article charged "deceit or mal-practice" (to use the phrase of Marcy, J., in *Tobias* v. *Harland* [4 Wend. 537, 543]) in the vending of the meat.   The headlines ("for in them is frequently the 'sting'" [*Landon* v. *Watkins,* 61 Minn. 137, 142]), "Leg of Lamb in Brooklyn May Be Goat.   Ten Carcasses Traced from Armour & Co. to Retailer, Where it is Put on Sale Without Honest Label. The Price is Very Low and Gives Big Profit.   Discovery of Deception Made by McCann in the Fort Greene Beef Company's Store on Fulton Street," followed by the statements that "Armour & Co. sold ten carcasses of old goat, 417 pounds, at considerably less than $30 for the whole batch to Kornblum Brothers, operating as the Fort Greene Beef Company, 1944 Fulton Street, Brooklyn;" that this goats' meat was on sale and it was not labeled goat; the statements in the article as pleaded in its entirety by the defendant, where in catalogue of deceptions practiced in Brooklyn, it is written, "Now it's the sale of old goat meat under the name of lamb. This sounds extraordinary — too much so to be true — but the proof is written into this exposure," etc.; "But, when sold as lamb, it is too much.   Fraud is everywhere in the food world," etc., followed by the specific statement as to the transaction between the plaintiffs and the Armours, and that "this goat meat was on sale two doors above, and it was not labelled Goat," support the contention that the article charged these plaintiffs with fraud and deception in the conduct of their business. (*Holmes* v. *Clisby,* 118 Ga. 820; *Landon* v. *Watkins,* 61 Minn. 137; *Steketee* v. *Kimm,* 48 Mich. 322; *Singer* v. *Bender,* 64 Wis. 169, 172; *Tobias* v. *Harland,* 4 Wend. 537; *Tobin* v. *Best Co.,* 120 App. Div. 387; *Lyford* v. *Winters,* 163 id. 720; Townshend Sland. & Lib. [4th ed.] 192.)

It is true that damages to the copartnership must be recovered by the partners jointly; and damages to the partners individually, by the partners separately. (*Collier* v. *Postum Cereal Co., Ltd.,* 150 App. Div. 173.) There are sufficient allegations to sustain, as against this motion, the complaint as that by copartners jointly for a libel. The body of the complaint must be considered, not the omissions of the caption. (*Soldiers' Home* v. *Sage,* 11 Misc. Rep. 159; affd., 85 Hun, 617; *Willets* v. *Haines,* 96 App. Div. 6.) The pleading is not bad, although the plaintiffs may have included allegations that point to damages to them as individuals. In *Le Fanu* v. *Malcomson* (1 H. L. 637) the lord chancellor says at 666: " It is very properly admitted that, if the count contains a complaint of that which affects them in their joint character as proprietors, though it may also make a complaint of certain matters which may affect them individually, inasmuch as the complaint of that which affects them in their joint character may be sufficient to support the action, the additional fact that the count also makes another complaint which cannot be maintained, is not sufficient to vitiate the judgment that has been pronounced." The. complaint may not be dismissed upon a motion for judgment on the pleadings, if it discloses any cause of action. If there be two inconsistent causes, there may be a motion for election at trial. (*Hunt* v. *Armstrong,* 166 App. Div. 313.)

The order is affirmed, with ten dollars costs and disbursements.

THOMAS, RICH, PUTNAM and BLACKMAR, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.