UXBRIDGE CO. v. POPPENHEIM *ET AL.*

(133 S. E., 461)

1. BOUNDARIES.—Ordinarily, matter of settling disputed boundaries is ancillary to actions at law of trespass to try title or ejectment, in accordance with Civ. Code 1922, § 5308.

2. BOUNDARIES.—Equity will not entertain action to settle and fix boundary line, unless complaint discloses some feature of equitable cognizance.

3. PLEADING.—Complaint need not allege what Court will take judicial notice of.

4. BOUNDARIES.—Adjoining landowner has duty, when controversy arises as to line, to supply all information he possesses in way of deeds and plats.

5. BOUNDARIES—COMPLAINT ALLEGING DIVIDING LINE WAS IN DISPUTE, AND THAT DEFENDANT REFUSED TO ENTER INTO AGREEMENT TO SETTLE DISPUTE, HELD TO STATE CAUSE OF ACTION TO ESTABLISH BOUNDARY LINE.—Complaint, in action to establish boundary line, alleging dividing line had never been definitely established by either party, and that defendant had refused to enter into any agreement with plaintiff to settle dispute, *held* to state cause of action.

Before TOWNSEND, J., Berkeley, November, 1924. Reversed and remanded.

Action by the Uxbridge Company against John F. Poppenheim and others. Order sustaining a demurrer to the complaint, and plaintiff appeals.

*Mr. Octavus Cohen,* for appellant, cites: *Court may appoint commission to fix boundaries confused by lapse of time, accident or mistake:* 56 Cal., 619; 10 W. Va., 59. *Neglect of defendant causing confusion of boundaries ground for equitable interposition:* 130 Ala., 570; 92 Ala., 484; 12 Bush (Ky.), 469. *Mere confusion of boundaries insufficient; some equity in favor of plaintiff necessary:* 70 S. C., 282; 90 Ky., 642; 12 Bush (Ky.), 469; 10 W. Va., 59.

*Messrs. Paul M. Macmillan* and *B. H. Matthews,* for respondents, cite: *When Court may render judgment establishing boundary only:* 9 C. J., 266. *Mere confusion of boundaries insufficient; some equity in favor of plaintiff necessary:* 70 S. C., 282; 80 Ky., 460.

June 2, 1926.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action to establish the boundary lines between the lands of the plaintiff and the lands of the defendants.

The complaint alleges:

"That a dispute has heretofore existed, and still exists, between plaintiff and defendants as to the proper location of the dividing lines between said lands of plaintiff and the lands of the defendants, which said dividing lines have never been definitely established by either of the parties to this action.

"That plaintiff has made several attempts to have said dividing lines amicably ascertained and adjusted, but defendants have refused, and still refuse, to enter into any agreement, or to take any steps, by which the dispute as to the location of said dividing lines might be definitely determined and established.

"That it is impracticable and impossible for plaintiff to enjoy its said property, or to derive the benefit therefrom to which it is entitled, unless said dividing lines between lands of plaintiff and lands of defendants shall be ascertained and definitely established, either by actual survey or otherwise."

The prayer of the complaint is that surveyors be appointed to establish the disputed lines, and to make plats showing the correct lines, and that the lines so shown be confirmed by the Court.

The defendants demurred to the complaint on the ground that it does not state a cause of action, in that an action cannot be maintained for the sole purpose of establishing a boundary.

The demurrer was argued before his Honor, Judge Townsend, who sustained the same in the following order:

"The defendants in the above-entitled cause having interposed a demurrer on the grounds that the complaint failed to state a cause of action either at law or in equity, and the matter having come on to be heard before me at Moncks Corner, S. C., on the 4th day of November, 1924, and it

appearing from the complaint that no trespass or other wrong on the part of the defendants is charged, and that no peculiar facts are alleged calling for equitable interference (*Watkins v. Childs,* 80 Vt., 99; 66 A., 805; 11 Ann. Cas., 1123; and *Boone v. Robinson,* 151 Ky., 715; 152 S. W., 753; Ann. Cas, 1915-A, 352), it is ordered that the said demurrer be, and the same is hereby, sustained."

From this order the plaintiff has appealed.

It appears to be settled by the unanimous opinion of Judges and text writers that ordinarily the matter of settling disputed questions of boundaries is ancillary to actions at law of trespass to try title or ejectment (as indicated by Section 5308, Vol. 3, Code of 1922), and that equity will not entertain an action simply to settle and fix a boundary line between adjoining owners, unless the plaintiff's complaint discloses some feature of equitable cognizance, as, for instance, fraud or misconduct on the part of an adjoining landowner, by reason of which a confusion or obliteration of the boundary line has resulted; mutual mistake of the adjoining owners; the neglect of a duty founded upon the relationship of the parties; the practical certainty of a multiplicity of suits growing out of the confusion or uncertainty; and the inadequacy of a remedy at law (perhaps others).

The complaint in this case does. not intimate that a line between the parties has never been run. It apparently implies that there has been at one time or other an established line; but that, since the lands have been owned by the respective parties, it has never been definitely established by either; that a controversy has arisen between them as to its exact location; that the plaintiff has made several attempts to have the line amicably adjusted, but that the defendants have refused to enter into any agreement, or to take any steps, by which that result could be accomplished; that an adjustment of the line is essential to the plaintiff's enjoyment of its possession.

What the Court may take judicial notice of the plaintiff need not have alleged in the complaint; and, if the considerations which follow had been specifically alleged, there can be but little doubt of the jurisdiction of the Court of Equity. We cannot but be impressed with the well-known fact among our people, in whom the Anglo-Saxon tenacity to the ownership or claimed ownership of .land is proverbial, that no more prolific source of misunderstandings, leading to altercations, breaches of friendly relations, and community and social obligations, and even to homicides, exists than disputes over boundry lines. It is difficult to conceive of a proceeding that would tend more readily to compose these differences than a suit in equity; to turn the energy of wranglers into a channel of usefulness and productiveness and peacefulness. As a matter of public policy, to setttle disputes, to prevent lawsuits, and avoid altercations and blood-shed, the remedy in equity should not only be allowed but encouraged.

There does not rest upon an adjoining landowner a plainer duty, when a controversy arises as to a line, than to supply all the information he possesses in the way of deeds and plats that the matter may be amicably adjusted. Should he refuse, as is alleged in this case of the defendants, the arm of the law, for the protection and peace of society, should reach out for them.

One who is in possession of his land is entitled to the peaceful and certain enjoyment of it. This is impossible with a recalcitrant and stubborn neighbor, while a dispute exists as to a line. This condition the complaint alleges.

The most unquestioned ground for the interposition of a Court of Equity is that there is no adequate remedy at law. It has been suggested that the plaintiff's remedy is at law, for the possession of a strip of land in the possession of the defendant which belongs to him. How would the plaintiff proceed at law under the circumstances of this case when he alleges that he has not been able to tell where the line is?

How far would he progress in a law case before a jury, when he could not prove where the line was, so as to show that the defendant had overstepped it?

The case of *McCreery v. Myers,* 70 S. C., 282; 49 S. E., 848, is strongly relied upon by the respondent. In that case it is said:

"A mere confusion of boundaries of land is not sufficient to give a Court of Equity jurisdiction. There must be some equity in addition thereto. If the ordinary legal remedies are adequate, they must be resorted to. * * * The legal remedies provided by our Code for the recovery of possession of land by one out of possession against another in possession claiming title, are ordinarily adequate to settle disputed boundaries,"

—and the facts of that case furnish an apt illustration. The Court, continuing, says:

"The complaint in this case is substantially an action to recover possession of a strip of land in the possession of the defendants claiming title."

We are thoroughly in accord with the principle announced in the above case. But how could it be applied to a case like this, where the plaintiff could not possibly show that the defendants were in possession of a strip of his land, when he comes into Court now upon the theory that he has not been able to locate the line?

Turn the plaintiff out of Court now, and to what remedy do we admit him? He cannot inclose a part of the disputed territory without subjecting himself perhaps to a fusillade or to a suit for damages, and why remit him to that course when the Court of Equity by the appointment of surveyors could adjust the matter in 30 days? We cannot tell what particular reason the plaintiff has for having the boundary line adjusted. Perhaps a sale is contemplated or a pasture fence is in mind. In neither case, as is alleged, can the plaintiff fully enjoy his premises until this matter is settled.

The judgment of this Court is that the order appealed from be reversed, and that the case be remanded to the

Circuit Court for such action as may be consistent with the foregoing conclusions.

Messrs. Acting Associate Justices R. O. Purdy and C. J. Ramage concur.

Mr. Justice Watts and Mr. Acting Associate Justice J. H. Marion dissent.

Mr. Chief Justice Gary did not participate.

Mr. Acting Associate Justice J. H. Marion (dissenting) : For the reasons persuasively stated by Mr. Justice Cothran, I am inclined to the view that a case might arise in which the peculiar facts would soundly justify the interposition of the Court of Equity to settle a disputed boundary line in the manner the plaintiff here seeks to have that question determined. But I am of the opinion that the facts in this complaint are insufficient to support a cause of action for the equitable relief invoked.

The allegations of the complaint are, in substance, that a "dispute exists" as to the boundary line; that plaintiff has made several attempts to have the dividing line amicably ascertained, but the defendant has refused to enter into any agreement or to take any steps by which the dispute may be determined; and that it is impossible for plaintiff to enjoy its property unless the line is established. Unless plaintiff claims title to land to which defendant also claims title, no dispute as to the line could exist, and, unless plaintiff is in position to define and describe what it owns (according to its own contention), and to allege that the defendant is in possession of, or at least claims title to, a part of plaintiff's land, it is difficult to perceive any valid basis upon which to predicate plaintiff's right to either legal or equitable relief in the Courts. If plaintiff is unable to tell where the line is, how can it reasonably assert that any property right it is entitled to have protected, has been invaded, or even threatened? Is one landowner upon a vague general averment that there is a dispute between him and his neighbor as to a boundary line entitled to haul that neighbor into Court and subject him to the expense and vexation of a lawsuit upon

a suspicion that such neighbor is in possession of, or claims a part of, his land, the boundary of which he does not know himself? Under the state of facts alleged in this complaint I am unable to see that the defendant has been guilty of any breach of duty, legal or equitable, owed by him to the plaintiff. I am, therefore, constrained to dissent.