## 12557

McRAE v. HAMER, *ET AL.*

(146 S. E., 243)

Mr. J. K. Owens for appellants,

Messrs. McColl & Stevenson, for respondent,

January 9, 1929.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action to define and have settled a boundary line between the land of the plaintiff and that of the defendant. The grounds upon which the plaintiff relies to sustain the jurisdiction of the Court on the equity side is that the original evidences of the line, marks, trees, and monuments have been obliterated and destroyed by the defendant Hamer and that the action is necessary to prevent a multiplicity of actions.

The matter reaches this Court upon an appeal from an order of his Honor, Judge Dennis, overruling a demurrer to the complaint upon the general ground.

The defendants have been allowed to review the case of *Uxbridge v. Poppenheim,* 135 S. C., 26, 133 S. E., 461. The Court is not disposed to question the correctness of that decision even if it were necessary to reaffirm it in order to sustain the order of the circuit Judge; this necessity does not arise for the reason that neither of the grounds relied upon by the plaintiff in the case at bar was presented in the *Uxbridge case.*

The *Uxbridge case* distinctly recognizes the general rule, thus:

"It appears to be settled by the unanimous opinion of Judges and text-writers that ordinarily the matters of settling disputed questions of boundaries is ancillary to actions at law of trespass to try title or ejectment (as indicated by Section 5308, Vol. 3, Code of 1922), and that equity will not entertain an action simply to settle and fix a boundary line between adjoining owners, unless the plaintiff's complaint discloses some feature of equitable cognizance, as, for instance, fraud or misconduct on the part of an adjoining landowner, by reason of which a confusion or obliteration of the boundary line has resulted; mutual mistake of the adjoining owners; the neglect of a duty founded upon the relationship of the parties; the practical certainty of a multiplicity of suits growing out of the confusion or uncertainty; and the inadequacy of a remedy at law (perhaps others.)"

In the case at bar it is alleged that the boundary line ██ between the lands of the parties had been obscured by the acts of the defendant Hamer in cutting down line trees and monuments before existing and in obliterating the marks in the timbered area. It is conceded even by the authorities which would deny to the Court of Equity jurisdiction in cases of disputed boundaries that this fact

presents a case for its equitable intervention. In addition, the complaint alleges facts which clearly present a second feature of equitable cognizance, the prevention of a multiplicity of suits. Either is sufficient to sustain the complaint against a demurrer.

In 2 Story, Eq. Jur. (14th Ed.), § 835, it is said: "The general rule now adopted is, not to entertain jurisdiction, in cases of confusion of boundaries, upon the ground that the boundaries are in controversy, but to require that there should be some equity superinduced by the acts of the parties; such as some particular circumstances of fraud, etc." And, at Section 839: "In the first place it may be stated that if the confusion of boundaries has been occasioned by fraud, that alone will constitute a sufficient ground for the interference of the Court."

"Equity exercises jurisdiction to establish boundaries which have once been defined and established but have become lost or obliterated where the owners of the adjacent premises are responsible for the loss or obliteration of the boundary and to prevent multiplicity of suits." *Erie Co. v. Smith,* 135 App. Div. 365, 120 N. Y. S., 323.

In a note to 15 Am. Dec., at page 754, Judge Freeman says:

"As fraud is a recognized head of original jurisdiction in equity, it will be sufficient ground for a Court of chancery to interpose in a case of confusion of boundaries, if the confusion was occasioned by the fraud of the defendant"— citing cases.

In *Muck v. Timber Co.* (C. C. A.), 273 F., 469 (*certiorari* denied, 257 U. S., 645, 42 S. Ct., 55, 66 L. Ed.. 414), it was held:

"Besides this [a statutory ground], there is an allegation in the complaint, and some testimony tending to support the allegation, that defendant or his agents wrongfully and fraudulently attempted to destroy certain original witness trees and to efface original markings, and did mark other

trees so as to make them appear to be the original witness trees. These allegations were sufficient, we think, to require the exercise of jurisdiction, and the Court properly overruled the motion to dismiss based on the ground that there was a plain remedy at law"—citing *King v. Brigham,* 23 Or., 262, 31 P., 601, 18 L. R. A., 361; *U. S. v. Texas,* 143 U. S., 621, 12 S. Ct., 488, 36 L. Ed., 285; *McDowell v. Carothers,* 75 Or., 126, 146 P., 800; *Sprigg v. Hooper,* 9 Rob. (La.), 248.

In *Watkins v. Childs,* 80 Vt., 99, 66 A., 805, 11 Ann. Cas., 1123, the Court said:

"All now agree that a controversy over the location of a boundary between independent proprietors does not of itself afford sufficient ground for equitable interference. Indeed, a confusion of boundaries alone does not. There must exist some equity superinduced by the act of the party defendant, or a danger of a multiplicity of suits, to warrant an application to the Court of Chancery for the appointment of commissioners. * * * But it seems clear from the authorities that the established foundations of the jurisdiction are (1) fraud or misconduct on the part of the defendant resulting in a confusion of the boundary in question; (2) a relation between the parties which makes it the duty of one of them to preserve and protect the boundary, together with such neglect or misconduct on the part of him on whom the duty rests as results in the confusion of the boundary; (3) the necessity of a resort to equity to prevent a multiplicity of suits."

In *Boone v. Robinson,* 151 Ky., 715, 152 S. W., 753, Ann. Cas., 1915-A, 352, the Court said:

"In such cases the law generally affords ample remedy; and hence it has been held that, unless some peculiar equity intervenes of which a court of law can take no notice, courts of equity have no jurisdiction. * * * In other words, there must be some equitable ground attaching itself to the controversy, such as a fraud on the part of the defendant, by

which a confusion of boundary has been produced, or there must be some relation between the parties which makes it the duty of one of them to preserve and protect the boundary, or it must be necessary in order to prevent a multitude of suits, or to prevent mischief otherwise irremediable, or the like."

In *Hays v. Blouchelle*, 147 Ala., 212, 41 So., 518, 110 Am. St. Rep., 64, the bill averred that during the time that two sections of land belonged to the respondent the corners and boundary line between the sections were lost, obliterated and destroyed; that such loss, obliteration or destruction of said corners and boundaries were caused and allowed by the design, act, or negligence of respondent. The Court held:

"The acts and conduct of the respondent, charged in the bill, in equity amount to a fraud upon the rights of the complainant, and is such an equity, superinduced by the act of the party, as gives the Court jurisdiction under the authorities above referred to."

The plaintiff alleges that the defendant has mortgaged the tract of land owned by him, including the disputed area. If the plaintiff should succeed in an action at law to recover it, he would be obliged later to reckon with the mortgagee and bring a similar action against him or one to remove a cloud upon his title. The plaintiff has therefore presented a case under the well-recognized jurisdiction of a Court of Equity to settle all differences—to prevent a multiplicity of actions.

Another ground upon which the Court will entertain the plaintiff's cause of action is that he has no plain and adequate remedy at law. As was suggested in the *Uxbridge case:*

"The most unquestioned ground for the interposition of a Court of Equity is that there is no adequate remedy at law. It has been suggested that the plaintiff's remedy is at law, for the possession of a strip of land in the possession of the defendant which belongs to him. How would the plain-

tiff proceed at law under the circumstances of this case when he alleges that he has not been able to tell where the line is? How far would he progress in a law case before a jury when he could not prove where the line was, so as to show that the defendant had overstepped it?"

These grounds are independent of the ground sustained in the *Uxbridge case* that where the boundary line is unknown, either abutting owner, upon the principle that one has the right to the full, free and certain possession of his own, has the right in equity to have the line established.

It does not follow by any means that a decree in this case settling the original boundary line between the parties would in any manner affect the questions of title or right of possession. Those are questions of legal right, and upon their determination the defendant is entitled to a trial by jury. Among the defenses which the defendant might set up are adverse possession, title by prescription, estoppel, and perhaps others, as strictly legal defenses to an action which the plaintiff must bring in the event that the decree of settlement of the boundary line should be in his favor.

In 4 R. C. L., 74, it is said:

"The power of a Court of Equity in establishing boundaries does not extend to the trying of the title to realty, and the object of statutes providing summary remedies for the establishment of lost boundaries is merely to mark the place of old lines where ancient boundaries are gone, and the question of title to the land on either side is not in issue." The same result necessarily follows from the establishment of confused boundary lines by order of Court.

"Under Act * * * giving the Supreme Court jurisdiction in equity to ascertain and fix a boundary which has become lost or obscure and uncertain by time, accident or any other cause, the Court merely ascertains the position of the lost or uncertain bounds and no conclusion of either possession or

title follows from such ascertainment of fact." *Washington Co. v. Matteson,* 11 R. I., 550.

The judgment of this Court is that the order appealed from be affirmed.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.