14822

KNOTTS v. KNOTTS *ET AL.*

*EX PARTE* FIRST CAROLINAS JOINT STOCK LAND BANK OF COLUMBIA

(1 S. E. (2d), 809)

April, 1938.

The order of Judge Mann follows:

This matter comes before me upon petition of The First Carolinas Joint Stock Land Bank to be made a party defendant in the above suit, to open up the default judgment heretofore granted herein, and to allow the service of the answer attached to the petition and also for other relief.

Plaintiff contends, among other things, that this Court is without jurisdiction of this proceeding by virtue of an order passed herein by Judge Dennis on March 29th, and an order in the pending suit of *First Carolinas Joint Stock Land Bank v. Shingler B. Knotts, Annie M. Knotts, J. E. Culler et al.*, S. C., 1 S. E. (2d), 797. I have given very serious consideration to this question. I would not, under any circumstances, undertake to pass upon or modify any orders passed by Judge Bellinger or Judge Dennis. However, it appears to me that Judge Dennis' order

of March 29th, in this case, merely fixes a new date for the sale of the property in this case, and in effect merely restores the *status quo* in this case as it existed before the passage of my order of September 24, 1937, in the First Carolinas Joint Stock Land Bank creditors' suit. Judge Dennis did not, in any sense, pass upon the question which is presented to this Court, namely, the question of opening up the foreclosure judgment heretofore rendered herein so as to allow the question of the boundary line to be determined. In fact this question was not in any sense presented to Judge Dennis; hence it seems to me that I have the same right now to pass upon this question, presented by this petition, as I would have had prior to the passage of my said order of September 24, 1937. This objection to the jurisdiction of the Court is, therefore, overruled.

Coming to the merits of the petition, I am constrained to the view that the foreclosure judgment heretofore granted in this case should be opened up and the petition granted.

It is perfectly obvious that the paramount question involved in the controversy between the plaintiff above named, Miss Annie M. Knotts, and the petitioner, the First Carolinas Joint Stock Land Bank, is the question upon whose premises the main dwelling and outbuildings will be located after the foreclosure sales under their respective mortgages. It is also perfectly clear that unless the Court of equity steps in when it has both actions in its control and settles this question which must sooner or later be settled, this situation will necessarily thereafter result in costly litigation on the law side of the Court. It is also evident that it would be impossible for the portion of the property of S. B. Knotts, covered by the respective mortgages to the plaintiff above named, and to the land bank, to bring at public sale an adequate price if this question were still outstanding and undetermined. Even if it be true, as argued by counsel for plaintiff above named, that the Court of equity could allow these proceedings to be concluded as now featured and then have this question as to boundaries settled in a subsequent

action at law, still it is perfectly apparent that this would be nothing more nor less than an action by the land bank to recover possession of a part of the premises, including the dwelling which Miss Knotts would unquestionably under her contentions take possession of under her prospective Master's deed, and under my view of the case would amount to the Court of equity, having not only the *right* at this time to settle all relevant disputed questions, but even more, being confronted with the duty of settling such questions, still passing them on to a Court of law for subsequent action.

The question of boundary appearing to me as being the major issue to be determined at this time, and it appearing that the former order of this Court in which this special aspect of the case was given considerable notice, may pass out under the order of Judge Bellinger in the creditors' suit, this question is re-emphasized in this order for the reason that I feel that it is a vital aspect and its major importance should receive the full consideration of the Court.

While it is true, as a general rule, that the Court of equity assumes jurisdiction of a controversy as to a disputed boundary for the purpose of establishing a boundary between adjoining landowners, where there has been a definite location of a line, and the question generally arises where there has been at some time in the past a fixed line, and while in this case no definite physical line has been fixed between the two areas here in question, still there can be no doubt that there is in logic and in reality a definite boundary line between the present existing *rights* of the contending parties and that such boundary line must eventually be reduced to a definite *physical* line, and in real fact and in the contemplation of the Court of equity there is no difference between the two for the purpose of the assumption of jurisdiction by the Court.

It seems to me, therefore, and I so hold, that this case falls well within the principles enunciated by the Court in the case of *McRae v. Hamer,* 148 S. C., 403, 146 S. E., 243, and *Uxbridge Co. v. Poppenheim,* 135

S. C., 26, 133 S. E., 461, and the other pertinent authorities, and it is clearly the duty of the Court of equity to have this question of boundary line determined as promptly and expeditiously as possible. Moreover it would be practically impossible, as was suggested by the Court in the above *Uxbridge case,* to have this issue properly determined in a jury trial. I am of opinion, therefore, that the plaintiff herein, having neglected to raise this issue and have it determined in the foreclosure suit instituted by the land bank, and thereafter having instituted her foreclosure suit without making the land bank party, it is clearly the right and the duty of the Court in this proceeding, in view of the land bank's petition, to open up the judgment, make the land bank a party and have this issue determined herein.

I am of the opinion, and so find from the record, that petitioner has an interest in the premises sought to be foreclosed herein and that the controversy cannot be completely determined without petitioner as a party, and moreover that the default judgment herein was taken as a surprise to petitioner and to its prejudice, and hence that petitioner is entitled to relief under the provisions of Sections 409 and 495 of the Code as well as under the general principles of equity.

I have considered the other objections and defenses contained in plaintiff's return, but in view of the showing made in the petition and the judicial history of this controversy, I think said objections must be overruled.

It is, therefore, ordered, adjudged and decreed, that the prayer of the petition be granted and that the judgment heretofore granted herein, of the Honorable J. Henry Johnson, dated on the 17th day of August, 1937, be, and the same is hereby, opened up and set aside and vacated, and that all further proceedings thereunder, including the proposed sale fixed under Judge Dennis' order of March 29, 1938, be stayed, and that the petitioner herein be made a party defendant to this proceeding, and that the proposed

answer attached to the petition be accepted as the answer of the said petitioner-defendant.

It is further ordered that all issues arising herein be, and they hereby are, referred to the Honorable B. H. Moss, county Judge of Orangeburg County, to take the testimony on the issues and report his conclusions as to the law and the facts with all convenient speed and with leave to report any special matter.

*Messrs. Moss & Moss* and *Robinson & Robinson,* for appellant.

*Messrs. C. E. Summers* and *Melton & Belser,* for respondent,

February 14, 1939.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

Several questions, all of which we have considered with care, are raised by the exceptions in this case. However, we deem it unnecessary to discuss them, as an examination of the record satisfies us that they were correctly disposed of by the Circuit Judge.

His order, therefore, from which this appeal is taken, and which will be reported, is affirmed.

Upon consideration of the objections of the appellant thereto, we also approve and affirm the order of Judge Mann settling the case for appeal.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

Mr. Justice Carter did not participate on account of illness.

On Petition for Rehearing

March 27, 1939.

*Per curiam.*

The appellant, Annie M. Knotts, asks for a rehearing in this case. An examination of her petition, however, discloses no good ground for granting same. In fact, she does not challenge the correctness of the opinion in this action or of the opinion in *First Carolinas Joint Stock Land Bank v. Knotts et al.*, S. C., 1 S. E. (2d), 797, when standing alone, but complains that if these cases are tried separately, as required by the Court, confusion, etc., will result, as the *res* involved in the *First Carolinas Joint Stock Land Bank case* includes the *res* involved in this action.

Upon consideration, we think that this case may properly be merged with the *First Carolinas Joint Stock Land Bank v. Knotts et al.*, as it appears that all issues involved in the two suits can be disposed of in that action.

The Court, therefore, amends Paragraph 2 of its opinion heretofore filed in this case, so that such paragraph will read as follows: "His order, therefore, from which this appeal is taken, and which will be reported, is affirmed, except as to the provision therein that all issues arising in the case be referred to the Honorable B. H. Moss, County Judge, to take the testimony on such issues, etc. Instead, it is ordered that this action, *Knotts v. Knotts et al.*, be merged with the case of *First Carolinas Joint Stock Land Bank v. Knotts et al.*, now in process of decision, for trial in that action of the issues involved herein."

The opinion heretofore filed in this case, as thus amended, is the judgment of the Court.

The order staying the remittitur is revoked.

Mr. Chief Justice Stabler and Messrs. Justices Bonham, Baker and Fishburne concur.