19487

E. T. BRUNSON, Respondent, v. Thurman L. GRAHAM and M. C. Wallace, of whom M. C. Wallace is, Appellant

(191 S. E. (2d) 713)

Messrs. *Hugh L. Willcox,* of *Willcox, Hardee, Palmer, O'Farrell, McLeod & Buyck,* Florence, and *S. Russell Floyd* of Lake City, *for Respondent,*

Messrs. *McGowan Nettles, Keller & Eaton, P.A.,* of Florence, *for Respondent*

September. 18, 1972.

*Per Curiam:*

The respondent Brunson brought this action against Graham and appellant Wallace seeking a declaratory judgment. Brunson, in November 1969, purchased from Graham a tract of land in Florence County containing, according to survey, 103.7 acres. In January 1970, he had a subdivision map made of the property and thereafter commenced selling lots therefrom. Brunson then learned for the first time that the appellant Wallace claimed a portion of the property purchased by him from Graham and this action ensued seeking to determine the true owner of the disputed area. The matter was heard by consent before Judge McGowan of the Civil Court of Florence County without a jury. His decree held that Wallace had a valid claim and title to two acres of the property and established the boundaries thereof. Only Wallace appeals, contending that he is the owner of greater acreage.

Appellant's five exceptions were obviously prepared with little regard for the provisions of Supreme Court Rule 4, Sec. 6. His brief was prepared in disregard of Rule 8, Sec. 3. Noncompliance with the rules has made it exceedingly difficult for this Court to determine what, if any, issues are properly preserved and presented for review on appeal. Additionally, we regard the appeal as being obviously without merit, but purely as a matter of grace we deal briefly with what appear to be the principal contentions of the appellant.

The parcel of land owned by appellant was acquired by him in March 1939 by a deed from other members of his family, the deed description being as follows:

"Also that tract of land containing two (2) acres, more or less, described on a plat which is part of a judgment Roll No. 1142, as Tract No. 6 and known as the Timmons Gin House Tract, bounded on the North by lands formerly of J. Wilkinson, now of Willoughby, on the South by above-mentioned public road leading to Mars Bluff bridge, on the East and West by lands formerly of W. M. Gregg."

Said parcel had been acquired by appellant's father in 1903 by a deed containing a somewhat similar description. According to the evidence, the plat upon which the said Gin House Tract appeared could not be located. Despite the fact that this parcel has been repeatedly conveyed as Tract No. 6, containing two acres, more or less, according to the plat thereof, appellant now claims 5.46 acres. His claim to such excess acreage is supported by nothing more than his testimony as to where he understood the western and northern boundaries to be. The southern boundary of said property is clearly the public road leading to Mars Bluff Bridge and, as established by the evidence, the eastern boundary is a road running northerly through the Brunson property from the Mars Bluff Road.

The lower court concluded, and we agree, that there was no competent evidence whatsoever of any probative value as to the location of either the northern or western boundaries of appellant's two acre tract. Nor is there any other competent evidence tending to prove title in appellant to appreciably more than two acres.

Appellant in his answer prayed that he "be declared the owner of the above described two acre tract, more or less, and that the lines of this tract be definitely established by this Honorable Court, * *."

The lower court held that since there was no evidence whatsoever as to the northern and western boundaries of the two

acre tract, the court was required to fix such boundaries in a manner most equitable to the parties concerned. See: *Knotts v. Knotts,* 191 S. C. 253, 1 S. E. (2d) 809; *McRae v. Hamer,* 148 S. C. 403, 146 S. E. 243, and *Uxbridge Co. v. Poppenheim,* 135 S. C. 26, 133 S. E. 461. In fixing such boundaries the court took into consideration the layout of the streets in Brunson's subdivision and fixed such boundaries so as to not interfere therewith. The decree fixed such boundaries so that appellant's two acres is composed of all of lot No. 1 on the subdivision plat and a sufficient portion of lot No. 2 immediately to the west thereof to make up his two acres. There is nothing in the record or appellant's brief to suggest that there was anything inequitable in such establishment of the northern and western boundaries. His southern and eastern boundaries remain as clearly established. In the final analysis appellant's complaint is simply that he was not adjudged the owner of 5.46 acres despite his failure to offer competent evidence that he owned any more than two acres.

We find no error in the adjudgment below and it is, accordingly,

Affirmed.