**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tony Ray Green and Frances K. Pittman, Appellants,

v.

Samuel D. Humphries and Veronica L. Humphries, Respondents.

Appellate Case No. 2012-212537

-------

Appeal From Greenville County
Charles B. Simmons, Jr., Master-in-Equity

-------

Unpublished Opinion No. 2014-UP-170
Submitted February 1, 2014 – Filed April 16, 2014

-------

**AFFIRMED**

-------

Martin Kyle Thompson, of Clawson & Staubes, LLC, of Greenville, for Appellants.

John Henry Heckman, III, of Heckman Law Firm, PA, of Greenville, for Respondents.

-------

**PER CURIAM:** Tony Ray Green and Frances K. Pittman appeal the master-in-equity's order ruling on a boundary line dispute. On appeal, Green and Pittman argue the master erred in (1) failing to find the 1991 plat controlled the boundary

line between Green's and Samuel D. Humphries and Veronica L. Humphries' (collectively, the Humphries) properties; (2) ruling Green and Pittman did not meet their burden of proof regarding damages; and (3) ruling inequitably regarding the location of the boundary. We affirm.

1. As to whether the master erred in failing to find the 1991 plat controlled the boundary between Green's and the Humphries' properties and whether the master's ruling setting the boundary line was inequitable: *Knox v. Bogan*, 322 S.C. 64, 66, 472 S.E.2d 43, 45 (Ct. App. 1996) ("A boundary dispute, if it encompasses an issue of title, is an action at law."); *Uxbridge Co. v. Poppenheim*, 135 S.C. 26, 29, 133 S.E. 461, 461 (1926) ("[E]quity will not entertain an action simply to settle and fix a boundary line between adjoining owners, *unless* . . . some feature of equitable cognizance [is raised], as, for instance, . . . misconduct on the part of an adjoining landowner, by reason of which a confusion or obliteration of the boundary line has resulted; . . . and the inadequacy of a remedy at law . . . ." (emphasis added)); *Jones v. Leagan*, 384 S.C. 1, 19, 681 S.E.2d 6, 16 (Ct. App. 2009) ("Courts have the inherent power to do all things reasonably necessary to ensure that just results are reached to the fullest extent possible." (citing *Ex parte Dibble*, 279 S.C. 592, 595, 310 S.E.2d 440, 442 (Ct. App. 1983))); *Webb v. CSX Transp., Inc.*, 364 S.C. 639, 655, 615 S.E.2d 440, 449 (2005) ("It is the appellant's burden to present a sufficient record for appellate review."); *Conran v. Joe Jenkins Realty, Inc.*, 263 S.C. 332, 334, 210 S.E.2d 309, 310 (1974) ("The burden of proof is on the appellant to convince this [c]ourt that the lower court was in error."). Here, evidence in the record shows there was confusion regarding the location of the boundary line between Green's and the Humphries' properties, which was caused by misconduct on the part of the parties. Moreover, Green and Pittman failed to include Green's May 1993 plat in the record on appeal. Accordingly, the master properly set the boundary line in equity, and the boundary line set by the master was equitable.

2. As to whether the master erred in finding Green and Pittman did not meet their burden of proof regarding damages: *Krepps by Krepps v. Ausen*, 324 S.C. 597, 609, 479 S.E.2d 290, 296 (Ct. App. 1996) (establishing the issue of damages is an issue of fact to be determined by the fact finder); *Austin v. Specialty Transp. Servs., Inc.*, 358 S.C. 298, 311, 594 S.E.2d 867, 873 (Ct. App. 2004) (noting that when this court is reviewing a trial court's findings regarding damages, "[o]ur

task . . . is not to weigh the evidence, but to determine if there is any evidence to support the damages award").

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.