## STONEY v. BAILEY.

Where plaintiff takes possession of the property sued for in an action of claim and delivery, and the verdict gives to him a portion of this property with damages, and the remaining portion to the defendant with damages, each party is entitled to enter judgment and to recover costs from the other party.

Before WALLACE, J., Beaufort, June, 1886.

The opinion states the case.

*Mr. W. J. Verdier*, for appellant.

*Messrs. Elliott & Howe*, contra, relied on sections 323 and 386 of the Code.

March 1, 1888. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The action below was an action of claim and delivery, and plaintiff, respondent, having given the required undertaking, the property was delivered to him. The action was tried and a verdict rendered for a portion of the property assessed at $125 to the defendant, and for a portion to the plaintiff, with $10 damages. A new trial was moved for by the plaintiff, which was granted, unless the defendant should remit $65. This amount was remitted. Defendant applied to the clerk to tax costs against the plaintiff. The clerk declined, holding that the plaintiff was alone entitled to costs. Upon

appeal to the Circuit Court the clerk was sustained.    The appeal here contests this ruling of the Circuit Judge.

In an action of claim and delivery, where the property in litigation has been taken possession of by the plaintiff upon his executing an undertaking for its return in the event that he fails in his demand, the substantial question is, shall the property be returned in whole or in part, dependent upon the title of the respective parties?    And it involves two actions: one by the plaintiff to hold possession, and the other by defendant for its return, and both may be successful as to a part of the property, as in this case.    Now, the code gives costs "accordingly as the action may terminate," to be inserted in the judgment against the losing party.    In the case below, both parties having a verdict, each was entitled to enter judgment against the other, because both had lost.    *Code*, § 299.    We think the right to enter judgment carried with it the right to insert costs.    Judgment can only be entered against a losing party and costs are allowed against such party.    This seems to be the rule under the code as understood by Mr. Voorhies.    See *Voorhies Code* (10 Edit.), 489, note *h*.    Such also is the rule in England in replevin proceedings, a similar process to claim and delivery.    1 *East*, 350; 1 *East*, 654.    And in New York, *Seymour* v. *Billings*, 12 *Wend.*, 285 ; *Johnson* v. *Fellows*, 6 *Hill* (N. Y.), 353; *Porter* v. *Willet*, 14 *Abb.*, 319; *Summers* v. *Jarris*, 14 *Abb.*, 322.

It is the judgment of this court, that the judgment of the Circuit Court be reversed and the case be remanded.