13065

KELLEY v. OEHMIG *ET AL.*

(156 S. E., 910)

January 1930.

*Messrs. Hughs & Hughs,* for appellants,

*Messrs. Herndon & Thompson,* for respondent,

February 9, 1931.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an appeal from an order of his Honor, Judge Bonham, reversing a taxation of costs by the Clerk of Court. The order decides in favor of the plaintiff upon both contested matters, and the defendants have appealed.

The appeal is certainly one of novel impression, and it will be necessary to detail the circumstances of the litigation be-

tween the parties in order to understand clearly the issues now presented.

The plaintiff and the defendants own separate parcels of what has been known as farm No. 9 in the plan of the Town of Walhalla; the plaintiff owns the northern portion of the west half of the lot and the defendants the northern portion of the last half. The location of the line between the two portions is the real matter in controversy. The western line of the defendants is the eastern line of the plaintiff; it is supposed to be a straight line, now evidenced partly by a hedgegrow and the remainder by a fence, the line being known as "the Dendy line." The plaintiff denies the correctness of the Dendy line as the dividing line; the defendants assert that it is the correct line.

At some time prior to October 13, 1928, the plaintiff brought an action against the defendants for damages on account of alleged trespasses by defendants upon his lot, allowing cattle and turkeys to run on the land, destroying the crops, cutting down hedges, destroying the terraces, and digging up the soil. He prayed judgment for his damages and for an injunction against further trespassing. The defendants entered a general denial.

The matter came up first before his Honor, Judge Townsend, upon a motion by the plaintiff for an order of survey under section 5308, vol. 3, Code; the motion was resisted by the defendants, why does not appear. His Honor, apprehending correctly that the main point of controversy between the parties was the location of the disputed dividing line, passed an order dated October 13, 1928, directing a survey "of the lands in dispute, or so much thereof as may be necessary to determine all lines in dispute." The parties respectively selected Wigington and Earle as surveyors, who performed that service.

After the survey had been completed, the case came on for trial before his Honor, Judge Wilson, and a jury at October term, 1929.

At the conclusion of testimony, and at the suggestion of his Honor, counsel for the parties agreed upon "Issues to be Submitted to the Jury" in the form of four questions, which, with the answers of the jury, constituted the verdict, and were as follows:

"(1) Where is the true line between Plaintiff and Defendants? Answer: The old hedge, and the Dendy line.

"(2) Have the Defendants trespassed on Plaintiff's land? Answer: Yes, By calf and turkeys, only.

"(3) If they have trespassed on plaintiff's land, did they do any damage? Answer: Yes.

"(4) If they did do any damage, how many dollars' worth? Answer: Fifty dollars."

Upon this verdict the plaintiff entered judgment against the defendants for $50 and "plaintiff's costs and disbursements of this action," dated October 24, 1929.

Upon the same day the defendants had his Honor, Judge Wilson, sign the following decree:

"The above entitled action came on for trial before me and a jury at the October, 1929, Term of Court of Common Pleas for Oconee County. While the action is an action for trespass, it was agreed by counsel for both parties that a special issue should be submitted to the jury to locate the true line between the Plaintiff and the Defendant, in addition to the question of trespass, which was also submitted to them. And the jury having found upon the issue as to the true line between plaintiff and defendant, as follows: 'The old hedge, and Dendy line,' on motion of *Hughs & Hughs,* Defendants' attorneys:

"It is Ordered, That the true line between Plaintiff and Defendants be the old hedge and Dendy line"—and entered the same.

Thereafter, on November 25, 1929, the Clerk of Court taxed the costs as follows:

In favor of the plaintiff, he taxed the clerk's costs, $12 and the per diem of six witnesses who testified upon the issue of damages, total $18. He disallowed the costs claimed by the plaintiff for the plaintiff's surveyor as a witness and for services under the order of survey, the chain carrier, and a witness "to the line," total $25.

In favor of the defendants, he taxed the per diem of four witnesses "to the line," and for the defendants' surveyor as a witness and for services under the order of survey, total $24.90.

The plaintiff appealed from the order of the Clerk of Court disallowing the costs amounting to $25, claimed by the plaintiff, and allowing the costs amounting to $24.90 claimed by the defendants.

The appeal from the clerk's taxation came up before his Honor, Judge Bonham, who passed an order dated January 15, 1930, reversing the clerk's taxation as to both items; that is, allowing the plaintiff his costs $25 in addition to the $18, and disallowing the defendants their costs $24.90.

Both items it is stipulated in the agreed case were "incurred in the location of the line between the parties."

I think that, by the order of survey made upon motion of the plaintiff, and by the submission of the issues above stated to the jury by consent of both parties, there was introduced into the case a separate and independant issue, the location of the disputed line, a matter of equitable cognizance, *Uxbridge v. Poppenheim,* 135 S. C., 26; 133 S. E., 461, and that the defendants having prevailed in that issue were entitled to tax the costs incurred in that behalf. See *Shannon v. Dinkins,* 3 Strob. 157; *Stoney v. Bailey,* 28 S. C., 156; 5 S. E., 347.

The judgment of this Court should be that the order of his Honor, Judge Bonham, be reversed, and that the taxation of the Clerk of Court be confirmed.

A majority of the Court concurring in this opinion, it becomes the judgment of the Court.

MESSRS. JUSTICES BLEASE, STABLER and CARTER concur.