14192

FREE v. UNITED LIFE & ACCIDENT INS. CO.

(182 S. E., 754)

Messrs. *Tompkins & Tompkins,* for appellant,

*Mr. C. T. Graydon,* for respondent, 

December 11, 1935.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

The respondent brought this action against appellant upon three policies of insurance wherein and whereby the appellant insured the respondent, among other risks, for accident, disability provision, which provision is set out in full hereafter, under the terms of which the appellant agreed to pay the respondent the sum of $10.00 per week on each policy for accident disability; the respondent alleging disability for a period of ten weeks from February 11, 1934, due to an injury to his legs when he slipped and fell upon ice and sleet in front of his home. The appellant denied liability; its defense being briefly stated in the two questions, arising out of the exceptions presented to this Court for determination, to wit: (1) Was the plaintiff-respondent wholly and continuously disabled from the date of accident, so as to bring him within the terms of the policies? and (2) Is the plaintiff-respondent estopped from recovering by reason of his failure to give notice of the accident within twenty days from the date of the injury, in view of the fact that it was not physically impossible for him so to do?

If the respondent is estopped from recovering by reason of his failure to give the notice within the required time, then the question of his disability becomes academic. Consequently the two questions presented will be discussed in inverse order.

On or about February 11, 1934, respondent slipped down on some ice in front of his home and injured one of his legs. He admitted he kept on working and continued to go to his store off and on until about the 1st of March, but did not put in full time nor did he do his accustomed work. About the 1st of March his leg had swollen up and he con-

sulted a physician, as he did on the date of the accident, and it being the same physician. On said March 1 the physician advised him to stay at home and off of his feet, but it appears that respondent did not carry out these instructions, and on the 15th of March his leg was in worse condition. On March 7, respondent went to the office of the agent of appellant and renewed a note. From March 15 to March 31, respondent was confined to his bed in his home under the care of his physician, and on March 31 he was removed to a hospital due to an inflammatory mass in his groin, an abscess due to the infection from his injured leg, and on said last-mentioned date at the hospital the abscess was opened, respondent remaining in the hospital until April 14, and then returning to his home and remaining in bed until May 1, 1934.

Notice of the accident or injury was not given appellant until April 2, 1934. Respondent gave as his reason for delaying the notice to the appellant of his injury that he had not intended filing a claim unless he had to go to bed, and that he did not intend to put in a claim for a "little accident."

The disability clause in policy No. 55450 reads somewhat differently from the disability clauses in policies Nos. 19584 and 19585, but the difference is not sufficiently material to set out separately such clauses. The clauses of the contract of insurance, relied upon by the appellant, and as contained in the last two numbered policies above referred to, are as follows:

"The company agrees to pay to the insured as herein limited and provided a weekly indemnity at the rate of ten dollars per week during the time the insured shall be totally and continuously unable from the date of accident to pursue any gainful occupation for not to exceed fifty-two weeks, and thereafter at the rate of five dollars per week throughout the period of such disability; but all such weekly indemnities are payable only in case the disability is caused directly and exclusively by bodily injuries sustained solely through ex-

ternal, violent and accidental means, not including injuries sustained while enrolled in military or naval service, etc.

"(4) Written notice of injury on which claim may be based must be given to the company within twenty days after the date of the accident causing such injury.

"(5) Such notice given by or in behalf of the insured or beneficiary as the case may be, to the company at Concord, New Hampshire, or to any authorized agent of the company, with particulars sufficient to identify the insured, shall be deemed to be notice to the company. Failure to give notice within the time provided in this policy shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such notice and that notice was given as soon as was reasonably possible."

The two clauses, Nos. 4 and 5, just above quoted, are contained in all three policies.

The clauses with reference to notice of injury, as quoted, are generally used in insurance contracts and are principally for the benefit of the insurer to prevent fraud or imposition. The Court, in the case of *Craig v. Insurance Co.,* 80 S. C., 151, 61 S. E., 423, 425, 18 L. R. A. (N. S.), 106, 128 Am. St. Rep., 877, 15 Ann. Cas., 216, has construed similar provisions as follows:

"The provision on which the defendant relies is not unreasonable, but, on the contrary, it is evident some such stipulation is necessary to the protection of the defendant as an insurer against sickness to enable it to investigate alleged illness, and thus protect itself against imposition. Of course, the insured would be excused from giving the notice if, from sudden and extreme illness or other cause it became impossible for him to comply with the contract. *Stickley v. Ins. Co.,* 37 S. C. [56], 69, 16 S. E., 280, 838; *Johnson v. Maryland Cas. Co.,* 73 N. H., 259, 60 A., 1009, 111 Am. St. Rep., 609; *Whalen v. Equitable Acc. Co.,* 99 Me., 231, 58 A., 1057; *Trav. Ins. Co. v. Thornton,* 119 Ga., 455, 46 S. E., 678.

"The respondent relies on the case of *Woodmen Acc. Ass'n v. Pratt* 62 Neb., 673, 87 N. W., 546, 55 L. R. A., 291, 89 Am. St. Rep., 777, as authority for the proposition that, where the contract provides for notice within a specified time, notice within a reasonable time is sufficient. That decision is rested almost entirely on the authority of cases like *Edgefield Mfg. Co. v. Maryland Cas. Co.,* 78 S. C., 73, 58 S. E., 969, holding a requirement for immediate notice does not mean literally without the lapse of any time, but with all reasonable promptness under the circumstances. But none of these cases support the proposition that, where the parties themselves choose to fix the limit within which notice must be given, the Court can annul their agreement, and substitute its own motion of what would have been a proper provision on the subject."

The first paragraph above set forth, taken from the *Craig case,* was quoted with approval in the case of *Levan v. Insurance Co.,* 138 S. C., 253, 136 S. E., 304, and, in addition thereto, the Court quoted with approval from the language used in *North American Accident Insurance Co. v. Watson,* a Georgia case, reported in 6 Ga. App., 193, 64 S. E., 693, 695, as follows: "It is settled by an overwhelming weight of authority that where the failure to give prompt notice is not due to the negligence of the insured or beneficiary, but such compliance has been prevented and rendered impossible by an act of God, this would furnish a sufficient legal excuse for the delay in giving the stipulated notice, and this doctrine has been applied in cases in which a specified time for the giving of the notice has been fixed by the contract. The theory of these cases, as stated by Cooley (4 Briefs on the Law of Insurance, 3462), is that 'it could not have been in the contemplation of the parties that if the insured, who was required to give the notice, was unable to do so by reason of the very accident against which indemnity was given, he should therefore lose such indemnity through no fault of his own.' "

In the case at bar, respondent went to his work practically every day for a month after the injury, was not wholly confined to his bed until over a month after the injury, his place of business was only one and one-half blocks from the office of appellant's agent, he arranged to renew a note with appellant on March 7, and had to leave his home to do so, and there is no claim on his part that he was either mentally or physically unable to give notice to appellant until more than thirty days after the injury, although respondent had been advised by his own physician that he had more than a minor injury.

It is true that appellant has failed to show that its rights were prejudiced in any manner by the failure of respondent to give the notice within the required time, and the testimony is to the effect that the intentions of the respondent were honest and favorable to the appellant, but, under the holdings of this Court in the cases of *Levan v. Insurance Co., supra,* *Hardin v. Insurance Co.,* 176 S. C., 337, 180 S. E., 210, and *Dickert v. Insurance Co.,* 176 S. C., 476, 180 S. E., 462, and numerous other cases decided by this Court, it was error on the part of the presiding Judge in not granting appellant's motion for a nonsuit and a directed verdict in its favor.

Under this holding of the Court, it becomes unnecessary to pass upon the question if respondent was totally and continuously unable from the date of accident to pursue any gainful occupation.

Reversed and remanded to the County Court of Richland County, with instructions to enter judgment for appellant-defendant, under Rule 27 of this Court.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.