15160

BOYLE ROAD & BRIDGE CO. v. AMERICAN EMPLOYERS' INS. CO. OF BOSTON, MASS.

(11 S. E. (2d), 438)

February, 1940.

*Mr. Marion Moise,* for appellant,

*Messrs. Herbert & Dial,* for respondent,

November 12, 1940.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

Boyle Road and Bridge Company obtained a policy of insurance with the American Employers' Insurance Com-

pany of Boston, Mass., to protect it against claims and suits arising out of injuries to its employees. While this policy was in force one F. W. Walling, an employee of the appellant, was, or claimed to have been, injured. He brought suit in the Richland County Court against his employer, Boyle Road and Bridge Company, and recovered a judgment for personal injuries After payment of the judgment the appellant company brought this action on the insurance policy against the respondent in Sumter County, before a magistrate for the third magisterial district, which Court by constitutional amendment and a special statute has jurisdiction in civil matters involving not more than $1,000.00. The plaintiff in the case at bar recovered judgment for the amount claimed, which upon appeal to the Court of Common Pleas was set aside. The plaintiff appeals.

The magistrate overruled a motion for a nonsuit and a directed verdict made by the insurance company, holding that there was sufficient evidence to take the case to the jury upon the issues of waiver, estoppel, substantial performance, and excusable neglect.

The policy contained the following stipulation: "Condition D. Upon the occurrence of an accident covered by this Policy, the Assured shall give immediate written notice thereof to the Corporation or its duly authorized Agent. The Assured shall give like notice with full particulars of any claim made on account of any such accident. If any suit or other proceeding mentioned in Agreement III, is instituted against the Assured on account of any such accident, the Assured shall immediately forward to the Corporation or its duly authorized Agent every notice summons, or other process served upon the Assured."

And the respondent contends that it was relieved from liability by failure of the appellant to forward to it the summons and complaint which had been served upon appellant by the plaintiff in the *Walling case*.

The issues before us grow out of the following facts: When Walling received his alleged injury it was reported

by the Boyle Company to the insurance company, which latter company after making an investigation advised the Boyle Company that there was no merit in the claim, and expressed its readiness under the insurance contract to defend the action on behalf of the Boyle Company. Thereafter, as stated, suit was brought against appellant by Walling in the Richland County Court. His attorney, Mr. C. T. Graydon, mailed a copy of the summons and complaint to the respondent, with the request that it accept service on behalf of the Boyle Company. This request was refused.

Thereafter Mr. Graydon mailed a copy of the summons and complaint to the Boyle Company at Sumter, asking that it accept service. Upon taking the matter up with the insurance company, the Boyle Company was advised not to accept service, and it did not do so. The reason for the non-acceptance in each instance was that the insurance company feared that an acceptance might adversely affect a motion it intended to make to change the venue from Richland County to Sumter County. Both copies of the summons and complaint were put in the file of Mr. Tom Boyle, an agent of the insurance company, whose office was in Columbia. Failing to obtain an acceptance of service, Mr. Graydon had the Boyle Company legally served at its office in Sumter through the sheriff's office. The papers were actually delivered to Mr. Stoudemire, an employee of the Boyle Company in Sumter, and were by him placed on the desk of Mr. Edwin Boyle, the president of the company, at a time when he was temporarily absent from his office in another state. When he returned he saw the papers, and assumed that they were copies of those he had forwarded to the insurance company, as to which no service had been made. He was not told by Mr. Stoudemire of the service by the sheriff. Time for answering expired, and judgment was obtained by Walling by default. It is admitted that the Boyle Company gave the insurance company no notice whatsoever of the service of these papers nor were the papers forwarded to the insurance company.

Thereafter a motion was made in the Richland County Court on behalf of the Boyle Company to have the judgment reopened and the default set aside on the ground of excusable neglect. This was denied, and no appeal was perfected therefrom.

There is testimony on behalf of the appellant that Mr. Wilson, a claim adjuster of the insurance company, was informed by Mr. Graydon, Walling's attorney, sometime before default that the summons and complaint had been served upon the Boyle Company. Wilson admits that he was told that the papers had been served on the Boyle Company, but asserts that he received this information after default; that he left Columbia for a few days, and instructed his assistant, Mr. Pope, to obtain the facts. When he returned to the city, Pope told him that he had telephoned the Boyle Company in Sumter, but learned that Mr. Boyle was not in town.

It was upon the foregoing testimony that the magistrate submitted the case to the jury upon the issues of waiver, estoppel, substantial compliance, and excusable neglect.

Technically, a distinction exists between "waiver" and "estoppel", and the terms are not convertible, since a waiver is an intentional relinquishment of a known right, and is a voluntary act, while the elements of estoppel are the misleading of a party entitled to rely on the acts or statements in question, and a consequent change of position to his detriment. Under the law of insurance, the distinction between estoppel and an express waiver is fairly easy to preserve, but it is otherwise when the distinction to be drawn is between estoppel and a waiver implied from conduct. Partially, as a result of the difficulty in making a distinction, but more because of the fact that both doctrines are applicable to insurance cases, the Courts have found it unnecessary or inadvisable to make a distinction between "waiver" and "estoppel", and have used the terms interchangeably. *Fender v. New York Life Ins. Company,*

158 S. C., 331, 155 S. E., 577; 29 Am. Jur., § 799, page 603.

We quoted with approval in *Harvey v. Philadelphia Life Ins. Co.,* 131 S. C., 403, 405, 127 S. E., 836, 838, from *New York Life Ins. Co. v. Eggleston,* 96 U. S., 572, 577, 24 L. Ed., 841 : "Any agreement, declaration, or course of action, on the part of an insurance company, which leads a party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will and ought to estop the company from insisting upon the forfeiture, though it might be claimed under the express letter of the contract."

It may be stated in general that conduct which amounts to a waiver of a condition providing for the forwarding to the insurer of the summons or other process served upon the assured is that which lulls the insured into a feeling of security and renders it unconscionable for the insurer subsequently to raise the objection that such papers were not forwarded.

A waiver of the contract provision under discussion may be inferred, of course, under a variety of circumstances, but in our opinion mere knowledge by the insurance company of the fact that process has been served upon the insured does not of itself amount to a waiver or an estoppel. There must exist, in addition to such knowledge, where the papers have not been forwarded to the insurance company as provided in the contract, some positive act upon which, in connection with the knowledge, a waiver may be predicated. And this positive act must be known to the insured.

Conceding that the authorized agent of the insurance company, Mr. Wilson, knew that the papers had been served upon the Boyle Company before the time for answering the complaint had expired, at most this was only evidence that the insurer had notice of plaintiff's claim, and that a suit had been commenced. The statements to the insurance agent, which came through Mr.

Graydon, that the summons and complaint had been served, were not made in the presence of the insured or in the presence of any person representing the insured. There is not the slightest evidence, nor is such contention made, that the insured had any knowledge that the insurance company knew of the service of the papers. Admitting that the agent of the insurer was informed by a third person that the action had been commenced, such knowledge, standing alone, would not in our opinion be sufficient to constitute a waiver of the essential provisions of the liability policy. There is no evidence in the case that the insured made any attempt to comply with that provision of Paragraph D of the policy which stipulates that it should forward to the insurer every notice, summons or other process. Indeed, the record makes it perfectly clear that nothing was done until the default occurred and judgment had been obtained against the insured.

An almost identical factual situation is found in the case of *Nevil v. Wahl*, 228 Mo. App., 49, 65 S. W. (2d), 123, where the Court held that neither the doctrine of waiver nor the doctrine of estoppel was applicable. And see *Harmon v. Farm Bureau Mutual Automobile Ins. Co.*, 172 Va., 61, 200 S. E., 616.

Nor do we find any evidence which would have warranted the Circuit Court in finding that there was anything in the case tending to show substantial performance.

It is argued that there was evidence to submit to the jury on the issue of excusable neglect, and appellant on this phase of the case relies upon *Edgefield Mfg. Co. v. Maryland Casualty Co.*, 78 S. C., 73, 58 S. E., 969. That was a case in which the question of noncompliance arose, and the issue was whether the insurance company should be relieved of liability by reason of the failure of the plaintiff to comply with the condition. It appeared there that the insured failed to give prompt notice to the insurer of the injury to its employee. The failure was held to be excused because the vice-president and treasurer of the

plaintiff was in extremely ill health at the time of the accident, and that his temporary successor did not know of the existence of the policy until after the bringing of the suit, and that on the same day he found the policy he gave the casualty company notice of the accident. It also appeared that practically all of the office force of the insured had contracted smallpox, which accounted for the failure to discover the policy. But in *Edgefield Mfg. Co. v. Maryland Casualty Company, supra,* there was no default in answering the complaint, and the casualty company actually participated in the defense of the action, after expressly reserving all questions as to the alleged failure to give prompt notice of the injury.

In our opinion, the facts in the case at bar are quite different. The Boyle Company knew that it had refused to accept service of the summons and complaint. It knew that the insurer had investigated the accident, and that the insurance company stood ready and willing to defend the action in accordance with its obligation under the contract. Legal service was later duly made, and the appellant seeks to relieve itself of the neglect in forwarding the papers to the insurer on the ground that Mr. Boyle, its president, believed the summons and complaint which he found on his desk were copies of those he had been requested to accept service of. Doubtless these facts and circumstances were persuasively argued before the Richland County Court on the motion made before that Court to open the default. But it is a different matter when the same facts are presented upon which to base excusable neglect in forwarding the papers to the insurer, which had no opportunity to defend the action. The insurance company had a right to rely on its contract and to depend upon the Boyle Company to send it any suit papers which were served. The mere fact that Wilson, the insurance company's claim adjuster, may have received such information and made an effort to verify the same, would not affect its liability, provided nothing was done by the insurance company to lull the Boyle Company into inaction. There is

no evidence of waiver or estoppel on the part of the insurance company.

In *Lee v. Metropolitan Life Insurance Company,* 180 S. C., 475, 186 S. E., 376, 381: "No rule of law is more firmly established in this jurisdiction than that one suing on a policy of insurance, where the notice required by the policy is not timely given, cannot recover. And the Court has gone so far as to hold that the failure to give the required notice in the allotted time is fatal to the right of recovery, even if it be shown that the insurance company has suffered no harm by the delay. *Free v. United Life & Accident Insurance Co.;* 178 S. C., 317, 182 S. E., 754."

The policy and the conditions therein define and fix the relations between the contracting parties, and furnish the measure of their respective rights and liabilities. Courts cannot go outside of the agreement of the parties to determine their mutual or reciprocal obligations. To do so would have the effect of imposing terms to which they had not assented, or absolving them of duties which they had voluntarily assumed. It is regrettable that the Boyle Company neglected its primary legal duty to notify the insurance company that the papers had been legally served upon it. The outcome resulting from its negligence, has, of course, worked a hardship upon the insured. But hard cases constitute the quicksands of the law, the dangers of which Courts have been admonished by oft repeated experiences. To set about to relieve against the consequences of the insured's neglect under the facts and circumstances of this case would inevitably lead to the establishment of a mischievous precedent, and to great uncertainty and confusion in the determination of future cases of a similar nature. It is needless to describe the effects of such a condition of things in order to appreciate the necessity of avoiding it.

We are of the opinion that the Circuit Court committed no error, and that the judgment should be affirmed.

Judgment affirmed.

Mr. Chief Justice Bonham, Messrs. Justices Baker and Stukes and Mr. Acting Associate Justice L. D. Lide concur.