17062

JUANITA MATTHEWS, Respondent, v. NATIONAL FIDELITY INSURANCE COMPANY, Appellant

(89 S. E. (2d) 95)

*Messrs. Bridges & Bridges,* of Florence, *for Appellant,*

*Messrs. McEachern, Townsend & Zeigler,* of Florence, *for Respondent,*

September 12, 1955.

TAYLOR, Justice.

This appeal arises out of an action brought in the Civil Court of Florence County by respondent to recover under the provisions of an accidental death insurance policy issued by appellant to one Chester O. Matthews.

The case came on for trial before the Honorable R. W. Sharkey and a jury at the April, 1954, term. At the conclusion of all the testimony, appellant moved for a directed verdict on the grounds that there was no showing that the premium had been paid; that there was an "absence of any reasonable right of the Respondent to realize on any agreement previously reached with reference to the deduction of the premium from the benefits due under a prior policy"; and that there was no showing that written notice of the death of the insured had been filed as required under the policy. This motion was overruled, and the Court on its own motion directed a verdict for respondent for the face value of the policy less the amount of the premium. Motion for a

new trial was duly made and heard, upon substantially the same grounds stated above, and denied; hence, this appeal.

Respondent was the mother of the insured who died January 18, 1953.

The policy in question was issued contemporaneously with the insured becoming a member of the Carolina Motor Club (payment of dues included payment of the premium) and is the last in a series of five yearly insurance policies issued by appellant upon the life of the deceased, the date of issuance of the last policy being March 26, 1952.

Upon being notified of the death of the insured, appellant informed the beneficiary that the policy had lapsed for nonpayment of the premium. It appears, however, that on October 3, 1951, when the previous policy was in force that the insured suffered an injury, for which he filed claim. This policy which ran from March 26, 1951, to March 26, 1952, will be referred to as policy No. 4; and this claim had not been paid when the policy expired and appellant's agent, Byrd, delivered policy No. 5 to the insured's mother, who handled his business while he was in the armed service and was the beneficiary.

Mr. B. A. Layton, who at the time was appellant's agent and manager of the Palmetto Motor Company in Columbia, testified that he had written respondent a letter on May 22, 1952, stating that the policy had been canceled for nonpayment of the premium. Miss Anna Matthews, daughter of the beneficiary, thereafter conferred with him and stated that Mr. Byrd, appellant's agent, had agreed for the premium to be deducted from the amount of the claim when paid but that he (Layton) had not agreed to this arrangement. He further testified that Miss Matthews stated to him that "as soon as we receive this check, we will pay the premium. I mailed the check myself. If I am not mistaken, I mailed it direct to Miss Matthews, I believe she worked in Columbia." However, the check carried the following endorsement: .

"Claim No. D587-52
"Chester O. Matthews            June 24, 1952
"National Fidelity Insurance
       Company
   "Spartanburg, S. C.

"Upon acceptance pay to the order of Chester O. Matthews Forty-five and no-100 Dollars, ($45.00) being in full payment, satisfaction, compromise, and discharge of all claims and demands for loss and damage which occurred on or about the 3rd day of October, 1951, to property insured under Auto Acc. Policy No. 48364 issued to Palmetto Automobile Agency, and in consideration of said payment the Policy is hereby reinstated.

                   "(S) Olin G. Isom, Treasurer

"Payable without cost of collection if sent direct to The Citizens and Southern National Bank of South Carolina, Spartanburg, South Carolina."

Miss Anna Matthews, sister of the insured who discussed the matter with Mr. Layton in his office in Columbia, testified substantially as did Mr. Layton with the exception that her contention was that she stated the agreement with Mr. Byrd was that the premium would be *deducted* from the claim, while Mr. Layton's position was that the premium would be *paid* from the amount of the claim when it was settled, and that Mr. Layton had agreed to this arrangement. The claim was settled on June 24, 1952, which was after the expiration of the fourth policy out of which it arose and after the issuance of the fifth policy, March 26, 1952.

Under the undisputed testimony, time for payment of the premium had been extended and under our view it is of no importance whether the premium was to be *deducted* from or *paid* out of the adjusted claim. The premiums were to be collected at insured's home and appellant's agent made no further effort to collect this premium or to take up or cancel the policy. The claim was outstanding at the time the policy in question, (No. 5), was delivered and the premium

became due thereon. The check stated that the policy had been reinstated and such statement could not have referred to policy No. 4 as contended by appellant as policy No. 4 had expired and policy No. 5 had then been in existence approximately three months.

Appellant's agent, Byrd, was present but was not placed upon the stand to deny the testimony of both the beneficiary and Miss Matthews, her daughter, as to the agreement had with him. It, therefore, raises the inference that had his testimony been presented it would have been unfavorable to appellant. *Robinson v. Duke Power Co.,* 213 S. C. 185, 48 S. E. (2d) 808.

Appellant could have demanded payment of the premium when the policy was delivered but under any view of the testimony it chose to extend the time in which respondent could make such payment; and it was during this period that the insured died. The endorsement on the check was to the effect that the policy had been reinstated and appellant is now estopped from taking the position that the policy had lapsed for nonpayment of premium. *Boyle Road & Bridge Co. v. American Employers' Ins. Co. of Boston, Mass.,* 195 S. C. 397, 11 S. E. (2d) 438.

We are of the opinion, therefore, that the trial Court committed no error; that the judgment should be affirmed; and It Is So Ordered.

Affirmed.

STUKES, OXNER and LEGGE, JJ., and J. WOODROW LEWIS, Acting Associate Justice, concur.