## 17071

SOUTH ORANGE TRUST COMPANY, Appellant, v. LUTHER E. CONNER, FRANCES B. CONNER, and THE LIFE INSURANCE COMPANY OF VIRGINIA, Respondents

(89 S. E. (2d) 372)

*Messrs. Charles B. Ridley* and *John Oates Woods,* of Rock Hill, *for Appellant,*

*Messrs. Hayes & Hayes* and *W. Clarkson McDow,* of Rock Hill, *for Respondents,*

October 5, 1955.

TAYLOR, Justice.

This appeal comes to this Court from the Court of Common Pleas for York County wherein appellant brought an action alleging that it was a holder in due course of a promissory note secured by a real estate mortgage alleged to have been executed by respondents, Luther E. Conner and Frances B. Conner, to the Southern Roofing and Siding Company, Inc., which was duly assigned to appellant. Appellant also asked in its complaint that a first mortgage executed by respondents to Life Insurance Company of Virginia be foreclosed. The respondent, Life Insurance Company of Virginia, answered alleging that payments upon its mortgage were not in arrears. Respondents, Conner, answered alleging among other things that the signatures to the note and mortgage were obtained by fraud and deceit; that the persons alleged to have witnessed such signatures were not present; that at the time of signing the documents were blank forms, all of which was known to appellant; and that appellant was not a *bona fide* holder for value. All of the issues were submitted to a Special Referee who found that appellant was not a *bona fide* holder for value, that no valid note and mortgage existed but gave judgment to appellant for the amount of money respondents had actually received from appellant, $350.00, and the value of work completed, $400.00, by way of improvements to the real estate, making a total of $750.00.

The Referee also found that the Life Insurance Company of Virginia was not a necessary party to the action and that

$75.00 would be a reasonable fee to be paid counsel for services as attorney for Respondent Life Insurance Company.

Exceptions were duly taken to this report and the matter heard before the Honorable Joseph R. Moss, resident Judge of the Sixth Circuit, who affirmed the findings of fact and conclusions of law of the Referee.

Appellant now comes to this court presenting several questions, all of which will be determined by answering the question of whether or not South Orange Trust Company was a *bona fide* purchaser for value of the note and mortgage, and this depends upon whether or not one Edward Kearney was appellants agent and as such was acting within the scope of such agency.

In 1950 the respondents, Luther E. Conner and Frances B. Conner purchased a home in Rock Hill, South Carolina, from the Industrial Cotton Mill of Rock Hill, financing the transaction by giving a first mortgage to the °Life Insurance Company of Virginia. The payments on this mortgage were not in arrears at the time of the bringing of this action. For more than three months during the year 1951, the mill was closed because of a strike which was settled July 17 of that year. Thereafter, on December 6, 1951, respondents, Luther E. Conner and Frances B. Conner, entered into a contract with one Sinclair, an agent of Southern Roofing and Siding Company, Inc., wherein the said Sinclair agreed to perform certain work including the installation of asbestos siding upon respondents' house for the cash price of $1,425.00. A cash down payment of $137.00 was acknowledged (but such payment was never made), leaving an unpaid balance of $1,288.00. The contractor also agreed to lend respondents the sum of $300.00 cash. This sum was later changed by one Edward Kearney to read $350.00. The contract also provided that respondents, Conner, were to be paid the sum of $50.00 for each similar contract obtained through their recommendation. Respondents testified that they obtained three such contracts but never received any credit therefor

On or about December 13, 1951, Sinclair and one Edward Kearney went to the home of respondents, Mr. and Mrs. Conner, an uneducated and practically illiterate couple, and according to uncontradicted testimony obtained their signatures to a blank promissory note and a blank mortgage form, which was printed upon letter size paper. These blanks were later filled in with the amount of $1,607.76 being inserted and assigned to appellant, South Orange Trust Company.

Sinclair, admittedly an agent of Southern Roofing and Siding Company, introduced Kearney to respondents as his banker. During the course of the converation Kearney asked respondents if the $300.00 cash stipulated in the contract was sufficient for their needs to which they replied that they would like $350.00. Kearney, then and there, using his fountain pen, struck from the original and copy of the contract the amount $300.00 and inserted in lieu thereof $350.00, at the same time presenting to the Conners for their signature a blank piece of paper which afterwards turned out to be an authorization for appellant to purchase the note and mortgage heretofore referred to. Thereafter, on December 19, respondents received through the mails a check from appellant in the sum of $350.00, the amount inserted in the contract by Kearney.

Respondents' contention is that Kearney at the time was the agent for and acting in behalf of appellant. Appellant however contends that Kearney was not its agent but was an independent contractor selected and paid by the Southern Roofing and Siding Company, Inc.; that his duties consisted solely of explaining contracts to the parties and making inspections of the work being done.

References were held upon three occasions, and Kearney, who was a resident of New York, was present for two of such hearings. He heard respondent testify to the facts as heretofore related, to the effect that all documents at the time of signing were in blank; that approximately one week after the signing of the contract he had changed the amount from $300.00 to $350.00 and ap-

pellant had sent its check for the greater amount without question; that he had been introduced as Sinclair's banker; and that none of the persons whose names appeared as witnesses to the mortgage were present at the time of the signing; yet he was not offered as a witness by appellant to contradict such testimony. The inference is therefore raised that had Kearney's testimony been presented it would have been unfavorable to appellant, *Robinson v. Duke Power Co.,* 213 S. C. 185, 48 S. E. (2d) 808; *Matthews v. National Fidelity Ins. Co.,* S. C., 89 S. E. (2d) 95.

It is therefore evident that the Referee's finding as a fact that Kearney was the agent of appellant and, by reason thereof, was not an innocent purchaser for value is amply supported by the evidence and, therefore, cannot be said to be against the clear preponderance thereof within the rule laid down by this Court in *Carolina Savings Bank v. Ellis,* 174 S. C. 69, 176 S. E. 355, 366, wherein it is stated:

"If the proceeding be wholly equitable, the rule is that this court 'will not disturb the findings of the master concurred in by the circuit judge, unless such conclusions are against the clear preponderance of the evidence * * * it is incumbent upon the appellant to convince this court that the circuit judge was in error in the conclusions reached by him on the facts.' * * *

"We hold that the conclusions reached by the master and the circuit judge are not against the clear preponderance of the evidence, and further hold that there was abundant supporting evidence to justify the conclusions reached.

"If the proceeding be considered as one in equity with a legal aspect as to the finding of fact, the rule in law cases may be said to apply. That rule is that, if the issue be legal, conclusions of fact as found by the master and approved by the circuit judge are not subject to review by this court. * * *"

Appellant also contends error in that in the Decree of the Circuit Court it is charged with all costs.

Liability for the costs of the Circuit Court in equity

cases is generally controlled by the decision of the Circuit Judge and the exercise of his discretion in such matters will not be interfered with except for a clear abuse of discretion or for violation of some principle of law. The ordinary rule that costs must be taxed in favor of the prevailing party against the losing party, Section 10-1601, South Carolina Code of Laws of 1952, is not necessarily binding on the chancellor and is only effective in equity cases when not otherwise ordered by the Court. *Ex parte Miller,* 192 S. C. 164, 5 S. E. (2d) 865, *Cauthen v. Cauthen,* 81 S. C. 313, 62 S. E. 319.

Under the facts heretofore related, it cannot be reasonably said that the Circuit Judge abused his discretion, and we are not aware of the violation of any principle of law relative thereto.

For the foregoing reasons, we are of the opinion that all exceptions should be dismissed; and *It Is So Ordered.* Affirmed.

STUKES, OXNER and LEGGE, JJ., concur.

JOSEPH R. Moss, Acting Associate Justice, disqualified.