N. M. OLLIE, Appellant and Cross-Appellee,

v.

SECURITY MUTUAL UNDERWRITERS, Appellee and Cross-Appellant,

N. M. OLLIE, Appellant and Cross-Appellee,

v.

The FULTON FIRE INSURANCE COMPANY, Appellee and Cross-Appellant,

Nos. 7213, 7214.

United States Court of Appeals Fourth Circuit.

Argued June 20, 1956.

Decided Aug. 3, 1956.

Julian B. Salley, Jr., Aiken, S. C. (Henderson, Salley & Cushman, Aiken, on brief), for appellant.

Henry Busbee, Aiken, S. C. (Williams & Busbee, Aiken, S. C., on brief), for appellees.

Before PARKER, Chief Judge, and SOPER and PRETTYMAN,* Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellant Ollie owned a store building in New Ellenton, South Carolina. He had two fire insurance policies on it, one with Security Mutual Underwriters for $6,000 and the other with The Fulton Fire Insurance Company for $5,500. Each policy stated that the agreed value and total insurance on the building was $11,500. Some time after those policies were in effect, and unbeknownst to those companies, Ollie took out a third policy for $3,000 with the Ohio Farmers Insurance Company. He testified he did this because the first two policies were to protect a mortgage on the building and he wanted additional insurance to protect his equity.

On July 5, 1954, the building burned. In a day or two an insurance adjuster called, and Ollie gave him all the policies. The adjuster obtained from contractors estimates of the damage and thereafter prepared proofs of loss which recited the damage to be $2,508.72. Ollie signed these documents. Thereafter the adjuster tendered Ollie two checks, one from the Fulton Company for $951.-58 and one from Security Mutual for $1,038.09. An additional award of $183 was thereafter made, and the checks were recomputed and redelivered.

A month after the fire, and while the foregoing events were transpiring, the Zoning Commission of New Ellenton condemned the remains of the building as unsafe. Ollie appealed the ruling, a hearing was held, and the ruling was affirmed. Ollie sold the building as it then was to one Keenan for $75.00. Keenan sold it to one Tinch, who razed it. Tinch testified that when he began to remove the debris the whole roof caved in

---

* Sitting in the Fourth Circuit by designation of the Chief Justice.

and that the concrete blocks of which the building had been constructed were practically worthless because, having been heated by the fire and suddenly chilled by the water thrown on them, they "just crumpled up."

In the meantime Ollie declined the checks of the insurance companies based on a partial loss, and claimed total loss. Being refused he filed these present actions.

■ The first question is whether Ollie is entitled to recovery on the basis of a total loss. It is agreed here by counsel that the attention of the trial judge was not invited to the opinion of this court in Rutherford v. Royal Ins. Co.[1] In that case this court said:

"If the fire resulted in the condition which necessitated the destruction of the building, and which, because of local ordinances, made impossible its repair, the insured was entitled to recover as upon a total loss."

We think that case controls here and requires decision for plaintiff Ollie on that point. The issue as to the condition of the building prior to the fire, which was in the Rutherford case, is not in the present case.

■ The second point is whether the two policies issued by Fulton and Security Mutual were voided by the issuance, without their knowledge, of the third policy, which when added to the other two was in excess of the agreed maximum value and insurance. It is conceded by counsel that the policies would be so voided if the point had not been waived by the companies.[2] Ollie says the companies did waive the point, and we agree. Immediately after the fire Fulton and Security Mutual were advised of the third policy. They did not claim their policies were thereby voided; they offered to pay the damage as it was then computed. Not only so, but their offer was premised upon the existence and validity of the third policy; they did not offer to pay the full amount of the computed damage but to pay their proportionate share of that damage, assigning a share to Ohio Farmers.[3] By failing to claim invalidity at this point, if the claim was available to them, they led Ollie into a position to his detriment. By their action he was led to believe that the policies were good for whatever amount was determined to be the amount of the insured damage. Had the companies suggested that their policies might not be in effect, he might well have accepted the tendered partial damage payments.

■■ Appellee companies also urge a point of evidence. Ollie introduced as an exhibit a duly certified copy (also exhibiting the original) of an ordinance of the City Council of New Ellenton, adopted two weeks before this fire, authorizing the Zoning Commission to condemn unsafe buildings. The companies say this exhibit was not sufficient proof of an ordinance; that the basic ordinance which established the Zoning Commission and prescribed its procedure is a necessary prerequisite to the introduction of the disputed exhibit. The point was not presented to the District Court, and so we will not consider it here. However we are impelled to comment that we think the ordinance introduced, being technically proven, was admissible and was *prima facie* probative.

1. 1926, 12 F.2d 880, 49 A.L.R. 814.

2. Whether, technically speaking, the action of the companies amounted to a waiver or created an estoppel is immaterial, and we need not embark upon a distinction between the two, if indeed there be any distinction. Boyle Road & Bridge Co. v. American Employers Ins. Co., 1940, 195 S.C. 397, 11 S.E.2d 438; Dubuque Fire & Marine Ins. Co. of Dubuque v. Miller, 1951, 219 S.C. 17, 64 S.E.2d 8.

3. The checks tendered by Fulton and Security Mutual were 79+ per cent of the estimated damage. Their share ($11,500) of the insurance was 79+ per cent of a total insurance of $14,500.

The judgment of the District Court will be reversed and the case remanded with instructions to enter judgment for plaintiff Ollie as for a total loss under the policies here involved.

Reversed.