19254

FACTORY MUTUAL LIABILITY INSURANCE COMPANY OF AMERICA, Respondent, v. Albert A. KENNEDY et al., Appellants.

(182 S. E. (2d) 727)

*Messrs. Turner, Padget, Graham & Laney,* of Columbia, *for Appellant,*

*Messrs. Nelson, Mullins, Grier & Scarborough,* of Columbia, *for Respondent,*

July 15, 1971.

LEWIS, Justice.

The question for decision in this appeal is whether an insurer is relieved of liability by the nonprejudicial failure of an insured to give notice of the accident and forward suit papers, as required by the conditions of a "voluntary" automobile liability insurance policy.

The insured, under an automobile liability policy issued by plaintiff-respondent, was involved in an accident in which Norman G. and Myrnai B. Barkoot allegedly sustained damages. The Barkoots were insured under a liability policy issued to them by Fireman's Fund American Insurance Companies, which provided them with uninsured motorist coverage. After actions were brought by the Barkoots against respondent's insured, respondent instituted this action for declaratory judgment against its insured, the Barkoots, and Fireman's Fund Insurance Companies, of which the latter is appellant. The court was asked to adjudge that respondent owed no duty to its insured to either defend the action brought by the Barkoots or to pay any judgment recovered by them, because of the alleged failure of the insured to comply with policy conditions which required him to give respondent notice of the accident and forward to it the suit papers.

Answers were filed by all of the defendants, except respondent's insured. Under the pleadings, the issues raised

were (1) whether respondent's insured failed to give notice and forward suit papers as required by the policy; and, if so, (2) whether respondent was prejudiced thereby.

Respondent contended that the policy provisions in question constituted conditions precedent to recovery and that, upon proof of noncompliance therewith, it was relieved of liability under its policy. The action was defended upon the ground that, in addition to the failure of the insured to give the required notices, the burden was upon respondent, the insurer, to show that it had been substantially prejudiced by such failure.

The Master, to whom the cause was referred, found that the insured had failed to comply with the notice provisions of the policy and that such neglect relieved respondent of liability. The Master further held that under the law in this State, it was unnecessary for respondent to show that it was prejudiced by the neglect of the insured and, therefore, did not decide whether prejudice in fact did exist. These findings were affirmed by the trial judge and judgment entered for respondent, from which this appeal is prosecuted.

The pertinent portions of the policy provisions, with which we are here concerned, are contained in the "Conditions" section and are as follows:

"When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses.

\* \* \*

"If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

\* \* \*

"No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company."

In holding that the failure of an insured to give notice and forward suit papers, *per se,* relieved the insurer of liability, the lower court mainly relied, as does respondent in this appeal, upon the cases of *Free v. United Life & Accident Ins. Co.,* 178 S. C. 317, 182 S. E. 754; *Lee v. Metropolitan Life Insurance Co.,* 180 S. C. 475, 186 S. E. 376; *Boyle Road & Bridge Co. v. American Employers' Insurance Co. of Boston, Mass.,* 195 S. C. 397, 11 S. E. (2d) 438; and *Hatchett v. Nationwide Mutual Insurance Co.,* 244 S. C. 425, 137 S. E. (2d) 608.

Reliance upon the foregoing cases as decisive of the present issue is misplaced. None required a determination of the question now before the Court. They either involved only the rights of the primary parties to the contract or prejudice to the insurer clearly appeared. We are here squarely presented with the question of the effect upon the rights of innocent parties of the failure of an insured to comply with notice conditions of the policy.

While the present conditions are contained in a "voluntary" policy and therefore not controlled by the provisions of Section 46-750.20, 1962 Code and Section 46-702(7) (b) of the Supplement to the 1962 Code of Laws (applicable only to certified policies), the rights of third parties for whose benefit the policy was issued are involved and must be determined not only in the light of the nature of the contract but also the public policy which its issuance was designed to promote.

The underlying purposes of automobile liability insurance and the public interest involved was thus stated in *Evans v.*

*American Home Assurance Co.,* 252 S. C. 417, 166 S. E. (2d) 811: "Public liability insurance not only affords protection to insured motorists, it serves the public purpose of affording protection to innocent victims of motor vehicle accidents. In recognition of this important public purpose, the legislatures of some states have enacted compulsory liability insurance laws. Others, including our General Assembly, have sought protection for highway victims, short of compulsory insurance, by the enactment of financial responsibility and uninsured motorist statutes."

The obvious function of the policy provisions, requiring the insured to give notice of the accident and forward suit papers, is to prevent prejudice to the insurer's right to conduct a reasonable investigation of the accident and adequately defend any action brought against the insured. If such prejudice does not result to the rights of the insurer, no sound reason appears to permit a mere technical noncompliance to deprive an innocent third party of benefits to which he would otherwise be entitled. The requirement that noncompliance must result in prejudice to the rights of the insurer preserves the basic function of the notice conditions and at the same time prohibits a technical application thereof from defeating the public purpose of affording protection to the innocent victim of a motor vehicle accident.

Although there is a division in the cases from other jurisdictions upon the question, Annotations: 76 A. L. R. 23, 123 A. L. R. 950, 18 A. L. R. (2d) 443; 8 Appleman, Insurance Law and Practice, Sections 4731 and 4732; 7 Am. Jur. (2d), Automobile Insurance, Section 145, we think the sound rule to be that, in an action affecting the rights of innocent third parties under an automobile liability insurance policy, the noncompliance by the insured with policy provisions as to notice and forwarding suit papers will not bar recovery, unless the insurer shows that the failure to give such notice has resulted in substantial prejudice to its rights. We so stated the rule in *Squires v. National Grange Mutual Ins. Co.,* 247 S. C. 58, 145 S. E. (2d) 673.

The lower court decision was based solely upon a finding that the notice provisions of the policy had not been complied with and that it was immaterial whether the insurer was prejudiced thereby. This was error and the case must therefore be remanded for a new trial in which the issue of prejudice will be determined.

The judgment is accordingly reversed and the cause remanded for further proceedings in conformity with the views expressed herein.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.