19458

Minnie HESTER, Appellant, v. HARLEYSVILLE MUTUAL INSURANCE COMPANY, Respondent

(190 S. E. (2d) 487)

46

*Frank Sawyer, Esq.,* of Spartanburg, *for Plaintiff-Appellant,*

*L. Paul Barnes, Esq.,* of *Ward, Howell, Barnes & Long,* of Spartanburg, *for Defendant-Respondent,*

July 19, 1972.

LEWIS, Justice:

This action was instituted in the Spartanburg Civil Court to recover from respondent the amount of a default judgment obtained by appellant against respondent's insured. Judgment entered for such amount in favor of appellant by the Civil Court was reversed on appeal to the Spartanburg County Court, and this appeal followed.

On July 20, 1965, an automobile owned by appellant was in collision with a truck owned by Spartanburg Heating, Inc. and insured under an automobile liability policy issued by respondent, Harleysville Mutual Casualty (Insurance) Company. The truck was being used by an employee, Jack Turner, without permission, and was being driven at the time by one Ansel Reed Gossett who was not an employee. An action was subsequently brought in the Spartanburg Civil Court against Gossett, Turner, the truck, and Spartanburg Heating, Inc. That action resulted in the entry of a default judgment, on May 4, 1968, in the amount of $625.00, against the named defendants.

It is undisputed that respondent never received notice of the foregoing suit against its insured, Spartanburg Heating, Inc., nor were the suit papers forwarded to it, although the terms of its policy required, as conditions precedent to liability thereunder, that the insured immediately forward to it any suit papers filed in connection with a claim covered by the policy.

The present action was instituted by appellant against respondent to collect the amount of the default judgment entered against respondent's insured. As a defense, respondent pled that the above policy provisions, with regard to notice of claim and forwarding suit papers, had not been complied with by its insured, Spartanburg Heating, Inc.; and that such failure barred recovery in this action. *Hatchett v. Nationwide Mutual Insurance Co.*, 244 S. C. 425, 137 S. E. (2d) 608. Appellant, on the other hand, contended that

respondent had waived its right to rely on the foregoing conditions of the policy. This contention was sustained by the trial court and judgment was entered for appellant. On appeal to the County Court the judgment was reversed upon the ground that there was a total absence of any evidence upon which to base a finding that respondent had waived its right to rely on the stated conditions of its policy.

The exceptions under which the appeal to this Court is prosecuted raise only one question, namely: Did the county court err in holding that there was no evidence to sustain the finding of the civil court that respondent waived its right to rely upon the policy provisions relative to notice of claim and forwarding of suit papers?

Admittedly, appellant's claim of waiver rests solely upon a letter written on August 9, 1965 by respondent to an adjuster for appellant's liability insurer. This letter was written in reply to an inquiry from appellant's insurer and stated respondent's position with regard to its liability in connection with the accident out of which appellant's claim arose. The pertinent portions of this letter are as follows:

"It is our understanding that you have requested from our adjuster, Mr. Scott Carter, that we inform you of our position relative to the accident in question. I believe that Scott furnished you with a copy of the letter we received from Spartanburg Heating, Inc. regarding this matter and as you know, the vehicle driven by Mr. Turner was not being used with permission of Spartanburg Heating, Inc. Consequently, we are denying coverage on the basis of unauthorized use."

Appellant takes the position that the foregoing letter constituted a denial of liability and, as such, amounted to a waiver by respondent of its right to rely upon the failure of the insured to forward the suit papers.

The general principles governing waiver of a policy provision providing for the forwarding of the insurer of suit papers were thus stated in *Boyle Road & Bridge Co. v.*

*American Employers' Insurance Co. of Boston, Mass.,* 195 S. C. 397, 11 S. E. (2d) 438:

"It may be stated in general that conduct which amounts to a waiver of a condition providing for the forwarding to the insurer of the summons or other process served upon the assured is that which lulls the insured into a feeling of security and renders it unconscionable for the insurer subsequently to raise the objection that such papers were not forwarded.

"A waiver of the contract provision under discussion may be inferred, of course, under a variety of circumstances, but in our opinion mere knowledge by the insurance company of the fact that process has been served upon the insured does not of itself amount to a waiver or an estoppel. There must exist, in addition to such knowledge, where the papers have not been forwarded to the insurance company as provided in the contract, some positive act upon which, in connection with the knowledge, a waiver may be predicated. And this positive act must be known to the insured."

A waiver may be inferred where the insurer has denied liability and any responsibility for defending the suit. *Washington v. National Service Fire Insurance Co.,* 252 S. C. 635, 168 S. E. (2d) 90.

The lower court correctly held that the letter in question constituted no evidence of waiver in this case. The record shows that the insured furnished to respondent a statement showing that the vehicle involved in the accident was being used at the time without the insured's permission. It was upon the basis of this information from the insured that respondent wrote the above letter to appellant's liability insurance carrier. The letter was not written to the insured and there is nothing to show that the insured knew of its existence until long after the default judgment was entered.

The letter was not a denial by respondent to its insured of coverage or a refusal to defend. It was nothing more than

an assertion to appellant's liability carrier, which provided uninsured motorist protection to appellant, of the defense to be relied upon by respondent to avoid liability. Such a communication between insurance companies cannot, under the present facts, constitute a waiver of the insurer's right to rely upon policy provisions relative to forwarding suit papers by the insured.

Appellant also argues for the first time in his brief ■ that judgment against respondent should be sustained upon the ground that respondent had failed to show that it had been prejudiced by the failure of the insured to forward suit papers as required by the policy, relying upon the principle recently announced in *Factory Mutual Liability Insurance Company v. Kennedy*, 256 S. C. 376, 182 S. E. (2d) 727. This question will not be considered because it was not presented nor considered by the trial court, nor is it raised by any exception on appeal to this Court. *Nalley v. Metropolitan Life Insurance Company*, 178 S. C. 183, 182 S. E. 301.

The judgment under appeal is accordingly affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.