20218

Hilda L. WILSON, Appellant, v. Brenda S. PADGETT, Respondent

(225 S. E. (2d) 185)

R. *Lee Wilson, Esq.,* of Walhalla, *for Appellant.*
*Larry C. Brandt, Esq.,* of Seneca, *for Respondent,*

May 19, 1976.

GREGORY, Justice.

Appellant instituted this action July 9, 1975 to determine the true and correct boundary line between properties owned by appellant and respondent. The single issue involved in this appeal is the portion of the lower court's order directing each of the parties to pay their respective surveyor's cost. We affirm.

The appellant originally alleged respondent was encroaching on her property by nine (9) feet, but later amended her complaint to allege four (4) feet.

Pursuant to Section 57-452 of the Code of Laws of South Carolina, a Rule of Survey was issued by the trial judge and surveyors appointed by both parties. Subsequently, the case was transferred from the Court of Common Pleas to the Civil and Criminal Court of Oconee County. A trial was held in which the surveyors of both parties testified as to the boundary line. The appellant's surveyor did not locate the line where appellant alleged it to be and varied from respondent's surveyor's measurements by 1.64 feet on the northern extremity of the line and 3.34 feet on the southern extremity.

Judge Cureton decreed the line established by appellant's surveyor as the correct line and ordered each of the parties to pay their respective surveyor's cost, stating the following reasons: (1) the established line was not asserted by either party in the pleadings; (2) both derived benefit from the action in establishing the line.

Appellant relies solely on *Kelley v. Oehmig,* 159 S. C. 278, 156 S. E. 910 (1931), in support of her position that respondent should bear the cost of both surveyors. Although the Supreme Court granted surveyor's costs to the prevailing party in *Kelley, supra,* it differs from the instant case in two important aspects, to wit: (1) there was a definite prevailing party; (2) the trial judge's order did not address the issue of costs.

Section 10-1601 of the 1962 Code of Laws of South Carolina provides that the prevailing party is entitled to recover costs and disbursements in an equity case *unless* otherwise ordered by the court.* *South Orange Trust Co. v. Conner,* 228 S. C. 218, 89 S. E. (2d) 372 (1955) ; *Welborn v. Page,* 247 S. C. 554, 148 S. E. (2d) 375 (1966). Not only was there no definite prevailing party here, but the trial judge in his order addressed the issue of costs, giving sound reasons for the division thereof.

Finding no error, we affirm.

Lewis, C. J., and Littlejohn, Ness and Rhodes, JJ., concur.

---

* This rule is mandatory in all civil actions. Section 10-1601 of the 1962 Code of Laws of South Carolina. *Welborn v. Page, supra.*