## 21167

MERIT INSURANCE COMPANY, Respondent, v. Lawrence KOZA, Stephen Francis Letts, Martha Elizabeth Tribble and Alice G. Tribble, of which Martha Elizabeth Tribble and Alice G. Tribble are Appellants.

(264 S. E. (2d) 146)

*J. Michael Turner* of *Culbertson, Whitesides & Turner,* Laurens, *for appellants.*

*Robert M. Erwin, Jr.* of *Burns, McDonald, Bradford, Erwin & Patrick,* Greenwood, *for respondent.*

March 17, 1980.

*Per Curiam:*

This action is one under the "Uniform Declaratory Judgments Act," Section 15-53-10 *et seq.,* S. C. Code of Laws (1976). It is brought by respondent, Merit Insurance Company (Merit), asking to be declared not liable for payment of default judgments obtained by appellants, Martha Elizabeth Tribble and Alice G. Tribble, against Lawrence Koza, one of Merit's automobile liability insurance policy holders. The Tribbles have appealed the trial court's decision to grant Merit's motion for a directed verdict of no liability. We affirm.

This action initially arose from an automobile accident which occurred on October 17, 1976, between a car occupied by the Tribbles and a truck belonging to Lawrence Koza, which was being driven by Stephen Letts at the time the accident occurred.

On October 21, 1976 and October 22, 1976, Martha Tribble and Alice Tribble respectively, brought suit by service of summons and complaint against Koza and Letts for injuries and damages sustained in the October 17 accident. In connection with the institution of these actions, Koza's truck was impounded under an order of attachment.

On October 22, 1976, Mr. John Odom, Vice President and Claims Manager of Merit, spoke with Koza about the accident and learned that the truck had been attached. Odom told Koza he would take care of the matter and then telephoned the attorney representing the Tribbles and asked that Koza's truck be released. Odom also assured the Tribbles' attorney that Merit would settle the Tribbles' claims. Based upon these assurances, the truck was released.      . . .

After the release of the truck, there was practically no contact between Merit and the Tribbles' attorney regarding the Tribbles' claims and no answers were filed by defendants Koza and Letts. Thereafter, on December 4, 1976, the Tribbles obtained default judgments against the defendants.

Merit subsequently commenced this declaratory judgment action asking to be declared not liable for payment of the default on grounds of a policy provision, with regard to the insured forwarding suit papers to the insurer,[1] had not been complied with by its insured. Appellants, on the other hand, contended that Merit waived its right to rely on the foregoing condition of the policy.

It is important to note that the insurance policy in question is a "voluntary" automobile liability policy and, therefore, not controlled by provisions of Section 56-9-20(7)(b), S. C. Code of Laws (1976). *See Factory Liability Insuranct Co. v. Kennedy,* 256 S. C. 376, 182 S. E. (2d) 727 (1971); *Evans v. American Home Assurance Co.,* 252 S. C. 417, 166 S. E. (2d) 811 (1969). As such, Merit has the benefit of asserting the insured's failure to comply with the policy provisions as a defense against actions brought by injured third parties if it has been substantially prejudiced by the insured's noncompliance. *Factory Mutual Liability Insurance Co., supra.*

Here, prejudice is clearly established by the fact that a default judgment was entered against the insured. *Hargrove v. CNA Insurance Group,* 228 Pa. Super. 336, 323 A. (2d) 785 (1974).

It is undisputed that the suit papers in question were never forwarded to Merit. However, the evidence is in direct con-

---

[1] The pertinent portion of the policy provisions with which we are here concerned are as follows:

If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy. . . .

flict as to whether Merit was notified that the papers had actually been served.

The general principles governing waiver of a policy provision providing for the forwarding of suit papers were thus stated in *Boyle Road Bridge Co. v. American Employers' Insurance Co.,* 195 S. C. 397, 11 S. E. (2d) 438 (1940) :

It may be stated in general that conduct which amounts to a waiver of a condition providing for the forwarding to the insurer of the summons or other process served upon the assured is that which lulls the insured into a feeling of security and renders it unconscionable for the insurer subsequently to raise the objection that such papers were not forwarded.

A waiver of the contract provision under discussion may be inferred, of course, under a variety of circumstances, but in our opinion mere knowledge by the Insurance Company of the fact that process has been served upon the insured does not of itself amount to a waiver or an estoppel. There must exist, in addition to such knowledge, where the papers have not been forwarded to the Insurance Company as provided in the contract, some positive act upon which, in connection with the knowledge a waiver may be predicated. And this positive act must be known to the insured. 195 S. C. at 402, 11 S. E. (2d) at 441.

Assuming for purposes of this appeal that Merit was informed that process had been served, *Boyle* clearly holds that such knowledge, standing alone, would not be sufficient to constitute a waiver. Under the rule established in *Boyle,* there must be some "positive act" accompanying the knowledge upon which waiver can be predicated.

Appellants take the position that the phone conversations of October 22, 1976 satisfy this "positive act" requirement.

We disagree.

The phone conversations constituted no evidence of waiver in this case. The conversations, both with the insured

and appellants' attorney, related primarily to the release of the truck, not the pending lawsuit. Such communications, under the present facts, were insufficient to lull the insured into believing he did not have to fulfill his contractual obligation to forward the suit papers.

Accordingly, the judgment is affirmed.